## MAGNUS WALKER V. THE STATE.

No. 23397. Delivered June 26, 1946.
Rehearing Denied (Without Written Opinion) October 16, 1946.

The opinion states the case.

*Eugene F. Mathis,* of Lubbock, and *Glenn R. Lewis,* of San Angelo, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Unlawfully carrying a pistol is the offense; the punishment, a fine of $100.00.

About three o'clock in the morning, appellant and his brother, Gus Walker, and Gus Walker's wife drove to the home of the. witness King and called King out into his yard where they engaged him in conversation. King's wife, fearing trouble between them, called the police. Before the police arrived, appellant was seen to walk around the corner of King's house and then return to the group. The police searched Gus Walker after finding on his person a pistol scabbard, arrested him, and took him away. After the police had departed, appellant said to King, "When those cars were coming and going I put my pistol down behind the house; I want to get it." King then agreed that he might "get" the pistol. Thereupon, appellant picked up the pistol, put it in his pocket, walked to his car, and drove off.

Such facts are deemed sufficient to authorize the jury's conclusion of guilt.

Appellant insists that King's agreement that he might "get" his pistol, together with the further fact that King was present when he picked up the pistol and carried it away, so connects King with the unlawful act of carrying the pistol as to constitute him an accomplice witness, requiring corroboration of his testimony.

To the correctness of this contention we cannot agree. King agreed only that appellant might "get" the pistol—not that he might or would violate the law by carrying it away. Mere

knowledge that a crime is to be committed or has been committed does not constitute one an accomplice witness thereto. Moreover, when applied to evidence, the term "accomplice" means a person who, either as a principal, accomplice, or accessory, is connected with the crime by an unlawful act or omission upon his part, transpiring either before, at the time of, or after the commission of the offense, and whether or not he was present and participated in the crime. King v. State, 135 Tex. Cr. R. 378, 120 S. W. (2d) 590.

We are unable to reach the conclusion that King was an accomplice witness.

Complaint is made that State's counsel, in argument, referred to the failure of the appellant to testify as a witness in his own behalf.

The qualification of the trial court to the bill of exception presenting this matter says that the argument was made in discussing a feature of the testimony where others were shown to have been present and that the argument was a comment upon the failure to call such other witness.

As thus qualified, the bill of exception fails to reflect error. Appellant, having accepted the bill of exception as thus qualified, is bound thereby.

In the light of appellant's special requested charge No. 5 which was given, we are unable to agree that the trial court failed to submit appellant's defensive theory.

We are unable to reach the conclusion that the charge of the trial court on the failure of the appellant to testify is erroneous. However, we suggest that the approved charge upon this subject, as set out in Dougherty v. State, 59 Tex. Cr. R. 464-470, 128 S. W. 398-401, is perhaps the safer.

No reversible error appearing, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.