SHELLIE GREGORY, JR. V. STATE.

No. 31,053.  November 18, 1959.

*George T. Thomas* and *Wayne Basden,* by *George T. Thomas,* Big Spring, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a driving-while-intoxicated case, with punishment assessed at ten days in jail and a fine of $100.

The state's case depends upon the testimony of the witness Newton.

Newton, as labor foreman, and appellant, as carpenter superintendent, were in the employ of the John P. Abney Construction Company. On the day in question, Newton and appellant had lunch together, during which appellant bought a pint bottle of whisky from which each of them drank. Some time later they returned to work and later that day when leaving the job Newton concluded that appellant was intoxicated to the point that he should not drive his automobile home. Appellant insisted that he was sufficiently sober to do so. Newton reluctantly agreed but told appellant that if he did drive his car he (Newton) should precede him in the company pickup, in which he had driven appellant to lunch, and that appellant should follow in his car.

That arrangement was agreed upon and followed for a time, but later appellant drove his car around Newton and soon had a wreck.

Appellant takes what occurs to us to be a rather unique position, that being that under such circumstances and with full knowledge of his (appellant's) intoxicated condition Newton, in permitting and agreeing to or acquiescing in appellant's driving his automobile, became connected with and a party to the unlawful driving of the automobile by appellant while intoxicated, and that such was sufficient to present an issue of fact for the jury's determination of whether Newton was an accomplice witness.

Appellant requested that such issue be submitted to the jury. This the trial court refused to do.

An accomplice witness is one who, as principal, accomplice, or accessory, is connected with a crime by unlawful act or omission upon his part whether or not he was present and participated in the crime. Walker v. State, 149 Texas Cr. Rep. 501, 196 S.W. 2d 515; Gottschalk v. State, 157 Texas Cr. Rep. 276, 248 S.W. 2d 473.

Mere presence at the scene of an offense does not constitute one an accomplice witness. Martin v. State, 151 Texas Cr. Rep. 207, 206 S.W. 2d 609; Herrera v. State, 159 Texas Cr. Rep. 175, 261 S.W. 2d 706.

Here, Newton was not shown to be in any manner connected with appellant's driving the automobile at the time and under the conditions shown. In fact, the evidence indicates that New-

454

ton was doing everything he reasonably could to prevent appellant from driving his automobile.

We are unable to agree with appellant's contention.

The judgment is affirmed.