Whitney Ladell **BLAKE** & James William Lane, Appellants,

v.

**The STATE of Texas.**

Nos. 0736–97, 0609–97.

Court of Criminal Appeals of Texas, En Banc.

June 24, 1998.

Allan K. Butcher, Allan K. Butcher, Jr., Fort Worth, for appellant.

David M. Curl, Asst. Dist. Atty., Fort Worth, Matthew Paul, State's Atty., Austin, for the State.

## OPINION ON APPELLANTS' PE-TITIONS FOR DISCRETION-ARY REVIEW

MEYERS, Judge, delivered the opinion of the Court in which McCORMICK, P.J., and BAIRD, OVERSTREET, KELLER, PRICE, HOLLAND and WOMACK, JJ., join.

Appellant Blake was convicted of theft of property valued over $20,000. He was subject to a higher range of punishment due to his prior convictions. The jury sentenced him to life in prison. Appellant Lane was convicted of aggravated robbery of an elderly person. The court sentenced him to thirty years in prison.

We granted Appellants' petitions for discretionary review to address the viability of the juvenile exception to the accomplice witness rule.

### I.

Appellant Blake was convicted of stealing a pickup truck and an automobile. A juvenile testified that, among other things, he and Blake together stole the keys to the automobile, which were later used to drive the automobile from the dealer's lot. In the indictment, the juvenile was listed as a member of the criminal combination Blake allegedly formed.

On appeal, Blake argued that the juvenile exception to the accomplice witness rule does not make sense and should not be applied in this case. The Court of Appeals declined to address Blake's arguments. The court said "[t]he appellant's arguments are unavailing because we are bound by the precedent of the Texas Court of Criminal Appeals," and cited *Villarreal v. State*, 708 S.W.2d 845 (Tex.Crim.App.1986). *Blake v. State*, 946 S.W.2d 118, 120 (Tex.App.—Texarkana 1997).[1]

Appellant Lane was convicted of aggravated robbery of an elderly person. A juvenile testified that Lane planned the robbery and enlisted her, and two other minors, to carry it out. She further testified that when the initial attempt was unsuccessful Lane became angry and insisted that the minors return and commit the crime. Finally, she testified as to Lane's role in the commission of the crime, and as to the disposition of the stolen property.

On appeal, Lane argued the trial court erred by not submitting the factual issue of the juvenile's accomplice status to the jury. Lane argued that the legislature's decision to increase the punishments which juveniles may face renders past case law obsolete.[2] Citing *Villarreal*, the Court of Appeals rejected Lane's argument, stating "[c]learly, the notion that a child cannot possibly be prosecuted under the penal code was the controlling factor in the various applicants and disapplications of the rule through the years as penal code provisions came and went. Deprivation of liberty was simply not a factor." *Lane v. State*, 942 S.W.2d 208, 212 (Tex.App.—Fort Worth.1997). Therefore, the court held that "the amendments to the family code ... do not affect the case holdings that exclude from the accomplice-witness rule juveniles who cannot be prosecuted under the penal code." *Id.*

Appellants urge this Court to reexamine the juvenile exception to the accomplice witness testimony rule. Appellants argue that the juveniles who testified against them were

---

1. In a brief concurrence, Justice Grant agreed that the court of appeals was bound by precedent, but urged this Court to re-examine the issue.

2. The State argues Lane's petition for discretionary review should be dismissed because there was no evidence that the juvenile was an accomplice. In fact, the trial court conceded that juveniles "probably, legally, [] can be accomplices" but refused Lane's requested jury instruction based on its conclusion the juvenile was not an accomplice. The Court of Appeals, however, did not address whether Lane would have been entitled to an instruction for the juvenile at issue *if* the accomplice witness rule applied, holding instead that the accomplice witness rule does not apply to juveniles regardless of the circum-

blameworthy participants in the crimes for which Appellants were tried, and should therefore have been treated as such.

## II.

For over one hundred years, it has been the jury's job to assess the credibility of accomplice witness testimony. *See, e.g., Johnson v. State*, 33 Tex. 570 (1870). Article 38.14 of the Texas Code of Criminal Procedure provides that "[a] conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense." The present wording of this section was enacted in 1965,[3] but the rule has been part of Texas law since at least 1925.[4] The jurisprudence surrounding this rule is well developed.[5]

■ The accomplice witness rule is not mandated by common law or the federal constitution.[6] The rule reflects a legislative determination that accomplice testimony implicating another person should be viewed with a measure of caution,[7] because accomplices often have incentives to lie, such as to avoid punishment or shift blame to another person. The corroboration requirement applies only when the accomplice witness is called by the state.[8]

■ Our case law has clearly defined who is subject to the accomplice witness rule. A person who is merely present at the scene of the offense is not an accomplice;[9] an affirmative act or omission is required.[10] An accomplice participates before, during, or after the commission of the crime[11]—presence at the scene of the offense is not required[12]—though one is not an accomplice for knowing about a crime and failing to disclose it, or even concealing it.[13]

■ We have also repeatedly stated that a person is an accomplice if he or she could

stances. We granted review to examine this purely legal issue.

3. Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722.

4. *See* TEX.CODE CRIM. PROC. ANN. art. 718 (Vernon 1925).

5. *See* 25 TEX. JUR.2d *Criminal Law* §§ 3439–3447 (1983 & Supp.1997); 3 Texas Criminal Practice Guide §§ 73B.04[2]-[4](Frank Maloney & Marvin O. Teague, eds. Dec.1997).

6. *See Thompson v. State*, 691 S.W.2d 627, 631 (Tex.Crim.App.), *cert. denied* 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985); *see also Brown v. Collins*, 937 F.2d 175 (5th Cir.1991) (federal constitution does not require corroboration, so failure to satisfy corroboration requirement does not present constitutional error). Federal courts do not require corroboration. *See, e.g., United States v. Restrepo*, 994 F.2d 173 (5th Cir.1993). *See also, e.g., United States v. Hayes*, 49 F.3d 178 (6th Cir.1995); *Harrington v. Nix*, 983 F.2d 872 (8th Cir.1993); *United States v. Necoechea*, 986 F.2d 1273 (9th Cir.1993).

7. *See Paulus v. State*, 633 S.W.2d 827, 843 (Tex. Crim.App.1982).

8. A court's refusal to charge the jury regarding the accomplice witness rule is error, as is instructing the jury that the rule applies when the accomplice witness is called by the defendant. *See, e.g., Selman v. State*, 807 S.W.2d 310 (Tex. Crim.App.1991); *Aston v. State*, 656 S.W.2d 453 (1983); *Brown v. State*, 576 S.W.2d 36 (1978); *Cranfil v. State*, 525 S.W.2d 518 (Tex.Crim.App. 1975); *Hendricks v. State*, 508 S.W.2d 633 (Tex. Crim.App.1974).

9. *Creel v. State*, 754 S.W.2d 205 (1988); *Kunkle v. State*, 771 S.W.2d 435 (Tex.Crim.App.1986), *cert. denied* 492 U.S. 925, 109 S.Ct. 3259, 106 L.Ed.2d 604 (1989); *Brown v. State*, 640 S.W.2d 275 (Tex.Crim.App.1982).

10. *McFarland v. State*, 928 S.W.2d 482 (Tex. Crim.App.1996), *cert. denied* _____; *Miller v. State*, 442 S.W.2d 340 (1969).

11. *Crank v. State*, 761 S.W.2d 328 (Tex.Crim.App. 1988) *cert. denied* 493 U.S. 874, 110 S.Ct. 209, 107 L.Ed.2d 162 (1989); *Creel, supra* note 11; *Smith v. State*, 721 S.W.2d 844 (Tex.Crim.App. 1986); *Kunkle, supra* note 11; *McFarland, supra* note 12; *Harris v. State*, 645 S.W.2d 447 (Tex. Crim.App.1983); *Brown v. State*, 505 S.W.2d 850 (Tex.Crim.App.1974); *Johnson v. State*, 502 S.W.2d 761 (Tex.Crim.App.1973); *Gregory v. State*, 168 Tex.Crim. 452, 329 S.W.2d 94 (1959); *Walker v. State*, 149 Tex.Crim. 501, 196 S.W.2d 515 (1946); *King v. State*, 135 Tex.Crim. 378, 120 S.W.2d 590 (1928); *Stevens v. State*, 133 Tex.Crim. 333, 110 S.W.2d 906 (1937).

12. *See, e.g., Goodwin v. State*, 165 Tex.Crim. 375, 307 S.W.2d 264 (1957) (person who is not present at the commission but before the act is done advises, commands, or encourages another to commit the offense is an accomplice).

13. *Easter v. State*, 536 S.W.2d 223 (Tex.Crim. App.1976).

be prosecuted for the same offense as the defendant,[14] or a lesser included offense. *Ex parte Zepeda,* 819 S.W.2d 874 (Tex.Crim. App.1991). By this we mean that a person is an accomplice if there is sufficient evidence connecting them to the criminal offense as a blameworthy participant. *Singletary v. State,* 509 S.W.2d 572, 575 (Tex.Crim.App. 1974). "[T]he test is whether or not there is sufficient evidence in the record to support a charge against" the witness alleged to be an accomplice. *Morgan v. State,* 171 Tex.Crim. 187, 346 S.W.2d 116, 118 (1961). To determine whether the *Morgan* witnesses were accomplices, we examined the record for evidence of their participation in the crime. Whether the person is actually charged and prosecuted for their participation is irrelevant to the determination of accomplice status—what matters is the evidence in the record.

 Finally, when an accomplice witness testifies it is the jury's task to determine whether the testimony has been sufficiently corroborated. Some witnesses are accomplices as a matter of law. If "there exists no doubt or the evidence clearly shows that a witness is an accomplice witness as a matter of law [then] 'the court is under a duty to so instruct the jury.'" *DeBlanc v. State,* 799 S.W.2d 701, 708 (Tex.Crim.App. 1990). *See also Gamez v. State,* 737 S.W.2d 315, 322 (Tex.Crim.App.1987). Others are accomplices as a matter of fact. If the evidence presented by the parties is conflicting, and it is not clear whether the witness is an accomplice, the jury must initially determine whether the witness is an accomplice as a matter of fact. If the evidence is conflicting, it is proper to leave the question of whether an inculpatory witness is an accomplice witness as a matter of fact to the jury under instructions defining the term accomplice.

*Id.* (citing *Gonzales v. State,* 441 S.W.2d 539, 541 (Tex.Crim.App.1969)).

### III.

 While the testimony of an adult accomplice offered by the state must be corroborated in order to support a conviction, this Court held that the testimony of an identically situated child[15] does not require corroboration. Appellants challenge this law.

The juvenile exception to the accomplice witness rule developed in a line of sodomy cases in which children were the victims of adult perpetrators. The exception was established to avoid conferring accomplice status on the child victims, and requiring corroboration of the child victims' testimony in order to obtain a conviction.

In *Slusser v. State,* 155 Tex.Crim. 160, 232 S.W.2d 727 (1950) (op. on reh'g), the defendant was convicted of sodomy. On appeal, he argued that the trial court erred by not providing the jury with a definition or instruction on his victim's status as an accomplice.[16] This Court upheld the trial court's instruction as proper, and concluded that juveniles could be accomplices based on the Penal Code then in place. At that time, article 30 of the Penal Code provided that no child between the ages of nine and thirteen could be criminally responsible for any offense unless that child "had discretion sufficient to understand the nature and illegality of the act."

In support of our holding, we pointed to a long line of cases holding that juveniles could be criminally responsible because they have the ability to form criminal intent and knowingly choose to perform criminal acts. For example, in *Holmes v. State,* 99 Tex.Crim. 298, 269 S.W. 96 (1925), the defendant was charged with aggravated assault for indecent familiarity with a child. We stated: "[c]hil-

14. This includes prosecution as principle or accessory. *Creel, supra* note 11; *Gamez v. State,* 737 S.W.2d 315 (Tex.Crim.App.1987); *Easter, supra* note 15; *Johnson, supra* note 13; *Gregory, supra* note 13; *Walker, supra* note 13; *King, supra* note 13; *Walker, supra* note 13.

15. A child, who is a blameworthy participant in the crime, subject to state sanctioned punishment.

16. The defendant argued that the court should have instructed the jury on how to determine whether the victim was an accomplice as a matter of fact. He also argued that the court erred by not instructing the jury that his victim was an accomplice as a matter of law. *See also* discussion, *supra* at II.

dren of the tender age referred to [between the ages of nine and thirteen] may be shown possessed of capacity and knowledge placing them clearly in the list of those who by knowledge and intent are criminals or accomplices as the case may be." *Holmes*, 269 S.W. at 97. In a companion case in which the defendant was also charged with aggravated assault for indecent familiarity with a child, *Holmes v. State*, 99 Tex.Crim. 270, 269 S.W. 95 (1925) we further stated:

> Boys and girls 10, 11 and 12 years old are quite capable of embarking in [sic] criminal enterprises, and might be shown to have full knowledge and full understanding of the criminality of various acts denominated crimes. Our own opinion is that the better rule would be that each case should be determined by its own facts, and that, when in doubt as to whether the boy or girl involved was an accomplice, that is, one who voluntarily participates with knowledge and intent in the criminal act, the better rule would be for the court trying the case to submit the issue to the jury.

*Holmes*, 269 S.W. at 96.[17]

*Slusser*'s conclusion that children could be accomplices led to the remarkable result that male juvenile victims who were sodomized by pedophiles, and had sufficient discretion to understand that such an act was wrong, were considered accomplices in the perpetration of their own abuse.[18] In many other sexual assault cases we held that the child victims were accomplices as a matter of law.[19] *See, e.g., Gallager v. State*, 131 Tex.Crim. 254, 97 S.W.2d 954 (1936); and *Compton v. State*, 130 Tex.Crim. 14, 90 S.W.2d 1093 (1936). In *Hinson v. State*, 152 Tex.Crim. 159, 211 S.W.2d 750 (1948), for example, this Court called the appellant's criminal acts "repulsive," yet overturned his conviction for sodomizing a juvenile because the victim, a "small boy," was an accomplice whose testimony was uncorroborated.[20]

**17.** The key to accomplice status in sexual assault cases was whether the child had "struggled" or "consented." In both *Holmes* cases, we ultimately concluded the child was not an accomplice because he testified that he struggled against defendant's conduct.

**18.** The results in cases involving female juvenile victims apparently depended on the crime with which the defendant was charged. For example, statutory rape victims were not considered accomplices. *Soliz v. State*, 163 Tex.Crim. 508, 293 S.W.2d 662 (1956); *Lacey v. State*, 137 Tex. Crim. 87, 127 S.W.2d 890 (1939). In cases where the rapist was a relative, it was common for the prosecutor to elect to charge the defendant with incest instead of statutory rape. If the victim failed to prove that her "participation" was due to threats, duress, or undue influence, she was an accomplice as a matter of law. For example, in *Wilson v. State*, 393 S.W.2d 918 (Tex.Crim.App.1965), we held that the underage daughter-victim was an accomplice because she "appeared sufficiently strong willed" to resist. In another case, we overturned an incest conviction where the defendant had forced the stepdaughter-victim to have sex with him while she was between the ages of ten and fifteen because the victim did not make an outcry and had therefore "consented," even though she testified she said nothing due to fear of her stepfather. *Wilson v. State*, 147 Tex.Crim. 653, 184 S.W.2d 141 (1944).

**19.** Some courts of appeals extended this, holding that juvenile eyewitnesses were also accomplices, though those decisions were overturned in this Court. *See, e.g., Eremita v. State*, 420 S.W.2d 609 (Tex.Crim.App.1967) (thirteen year old friend was not an accomplice to complainant's sodomy even though friend had "similar experience" with defendant); *Bowers v. State*, 171 Tex. Crim. 345, 350 S.W.2d 27 (1961) (minor friend of complaining witness was not accomplice even though she had "submitted" to defendant); *Young v. State*, 159 Tex.Crim. 302, 263 S.W.2d 164 (1953) (juvenile friend of complaining witness was not accomplice even though he had "consented" to defendant's sodomization of himself); *see also Carnathan v. State*, 478 S.W.2d 490 (Tex.Crim.App.1972), *cert. denied* 409 U.S. 866, 93 S.Ct. 160, 34 L.Ed.2d 114 (1972) (fondling of male child); *Thompson v. State*, 501 S.W.2d 109 (Tex.Crim.App.1973) (fondling of male child); *Griffin v. State*, 261 S.W.2d 838 (Tex.Crim.App. 1953) (fondling of female child).

**20.** This put boys in a catch-22; they were presumed accomplices, and to prove otherwise they had to prove they struggled against their attackers, but generally there·were no witnesses to the assault to corroborate their testimony. In *Pipkin v. State*, 154 Tex.Crim. 640, 230 S.W.2d 221 (1950), we reversed defendant's conviction for sodomy of a fourteen year old victim because "[i]t is not so much whether [the victim] consented to the act as it is whether he objected thereto and was forced to submit to the act perpetrated upon him against his will." There were no other witnesses to the assault, so the victim was unable to present sufficient evidence that he struggled. *See also Gottschalk v. State*, 157 Tex.Crim. 276, 248 S.W.2d 473 (1952) (fondling conviction re-

## A. *Komurke* and the 1967 amendments to the Penal Code

In 1967, Article 30 was amended to provide:

No person may be convicted of any offense, except perjury, which was committed before he was 15 years of age; and for perjury only when it appears that he had discretion sufficient to understand the nature and obligation of an oath.

The first case to address the 1967 amendment's effect on *Slusser* was *Komurke v. State*, 562 S.W.2d 230 (Tex.Crim.App.1978). The defendant was convicted of sodomy under the 1925 Penal Code. He argued that the evidence established that his victim was an accomplice as a matter of law, and the trial court erred in failing to so charge the jury. We took the opportunity to overturn the rule announced in *Slusser*, citing the revision of then Article 30 of the Penal Code to support the change. *See* discussion, *supra* at II.

We observed that revised Article 30 set out the same general prohibition as the prior Article 30, namely that a juvenile could not be prosecuted, but that the revised provision did not contain an exception allowing for prosecution where the juvenile had sufficient discretion to understand the nature and illegality of the act. We then set forth what became the accepted syllogism supporting the juvenile exception to the accomplice witness rule: (1) a juvenile under the statutorily set age cannot be criminally prosecuted and (2) therefore is not an accomplice and (3) therefore is not subject to the accomplice witness rule. Although this rule was established in the context of child sexual assault cases, no mention was made of the context of its development. Our opinion was written broadly, with no subject matter limitations.

## B. Recent Challenge to the *Komurke* Rule: *Villarreal*

The *Komurke* rule was challenged in *Villarreal v. State*, 708 S.W.2d 845 (Tex.Crim. App.1986). The defendant, convicted of capital murder, argued on appeal that the trial court erred in failing to give the jury an accomplice witness instruction regarding an eleven year old witness who testified for the state. The defendant argued that the rule of law announced in *Komurke* was no longer sound due to penal code revisions, and this Court's opinion in *Harris v. State*, 645 S.W.2d 447 (Tex.Crim.App.1983).

After an explanation of the development of the juvenile exception to the accomplice witness rule, via *Slusser* and *Komurke*,[21] we concluded our discussion by examining Section 8.07 of the Penal Code, the successor to Article 30. Noting that Section 8.07 set forth the same general rule of no prosecution, and did not contain any exception, we held that because the juvenile in *Villarreal* could not have been prosecuted for the offense of murder, "it necessarily follows that she could not have been an accomplice witness." *Villarreal*, 708 S.W.2d at 848. We rejected the defendant's argument that *Harris* supported the proposition that he was entitled to an accomplice witness instruction.

In *Harris*, we held the trial court erred in not charging the jury to determine whether a fifteen year old was an accomplice witness. *Harris v. State*, 645 S.W.2d at 454. The record showed conflicting evidence, including conflicts in the juvenile's own testimony, regarding her participation in the offense, which put into question whether she was a blameworthy participant. We concluded that *Villarreal* was distinguishable on the facts, as in that case there was no evidence that the juvenile in question had been involved in the crime, only evidence that she had witnessed it.[22]

The evidence in *Harris* also showed that the state had begun but halted the certification proceedings necessary to try the juvenile as an adult. We did not, however, consider this fact dispositive. Our resolution of *Harris* illustrates this Court's determination that

versed because thirteen year old victim's testimony was uncorroborated).

21. We neglected to point out, however, that the rule had, to this point, developed exclusively in child sex abuse cases—primarily prosecutions for sodomy, indecency, and fondling.

22. The defendant testified that the juvenile had asked defendant whether he was too "chicken" to kill the victim. She denied making that statement and there was no testimony on that topic by other witnesses.

blameworthy participation, and not whether a juvenile has been certified for trial as an adult, is what determines whether accomplice witness instructions are necessary.[23] We examined the record to determine whether there was a conflict in the evidence such that a jury could find that the juvenile was an accomplice as a matter of law. First, we observed conflicts in the juvenile's testimony at trial related to consciousness of guilt. She admitted making prior statements that she believed she was guilty because she was "just a part of it as they were." *Harris,* 645 S.W.2d at 456. Second, we noted that proceedings had begun to certify the juvenile for trial as an adult, but were not completed, and that the juvenile testified that she had a "deal" with the State, exchanging her testimony for a favorable sentencing recommendation. Third, we observed that the juvenile was "a witness whose testimony formed virtually the State's entire case against appellant, and one who had every reason to shade her testimony to downplay her own involvement in that offense." *Harris,* 645 S.W.2d at 457 (citation omitted). Comparing the *Harris* facts to the facts of several other cases, we found *Harris* distinguishable primarily due to the very inconsistent statements of the juvenile. In conclusion, we stated:

> the jury should have been so charged in whether [the juvenile] was an accomplice and whether her testimony was corroborated. Her actions and testimony and the evidence as a whole, especially her action in taking possession of the truck without permission or instruction by anyone, while the killing was still in progress, raised the fact issue of whether, 'prior to or contemporaneous with the criminal event,' she was a party to the agreement to kill the deceased for his truck.

*Harris,* 645 S.W.2d at 459 (citations omitted). Our decision turned on an evaluation of the facts and circumstances of the case, not on the certification for trial as an adult or potential legal bar to prosecution of the juvenile.

In light of post-*Villarreal* statutory developments and a more detailed examination of the rule of law adopted in *Villarreal* and the precedent on which it is based, we now revisit this issue.

## IV.

We first note that the syllogism developed in *Komurke* no longer serves the purpose which it once did, namely to allow the uncorroborated testimony of juvenile victims of sexual assault to convict adult assailants. The Penal Code was extensively revised just after defendant Komurke's trial. The new Code, both at the time *Komurke* was decided and at present, provides pellucid delineations of sex crimes against children which make it clear that children are not accomplices of their attackers. *See, e.g.,* Tex. Penal Code § 21.11 (Indecency with a Child), § 22.011 (Sexual Assault), § 22.021 (Aggravated Sexual Assault). Prosecutors tend to charge adult assailants with these crimes in lieu of less specific crimes not defined in terms of adults assaulting children.[24]

▰ That said, today we hold that the juvenile exception to the accomplice witness rule—that juveniles who are blameworthy participants in crimes are unilaterally exempt from the accomplice witness rule—is not supported by the decisions of this Court, is not supported by current statute, and is contrary to the purpose of the accomplice witness rule. Cases holding otherwise are hereby overruled[25] and the juvenile exception to the

23. By doing so, we implicitly recognized the danger in allowing accomplice status to turn on certification, and we expressly do so now. Allowing accomplice status to turn on certification gives the State the option to forego or delay certification in cases where the accomplice juvenile would be useful to the state as a witness in order to have the juvenile excluded from the milieu of the accomplice witness rule. This is contrary to the letter and spirit of the accomplice witness rule.

24. A child could arguably be considered an accomplice to these less specific crimes. *See* Tex. Penal Code § 25.02 (Prohibited Sexual Conduct [Incest]), § 21.06 (Homosexual Conduct), § 21.07 (Public Lewdness).

25. We recognize the importance of the principle of stare decisis, and reaffirm our commitment to adhering to precedent. We note that our decision today does nothing to undermine that principle. The cases we overrule today, creating and maintaining the juvenile exception to the accom-

accomplice witness rule is abolished. The testimony of juveniles who could potentially be subject to state sanctioned punishment is now subject to the accomplice witness rule, in the same manner as the testimony of adults.[26]

### A.

The decisions of this Court do not support the juvenile exception to the accomplice witness rule. In deciding that the *Harris* decision was "not germane" to *Villarreal*, this Court distinguished *Harris* on two bases: (1) the lack of evidence that the juvenile in *Villarreal* participated in the crime, and (2) the certification proceedings instituted against the juvenile in *Harris*.

The first basis is sound, and provides appropriate and logical support for our decision in *Villarreal*. In *Harris*, we stated that "the defendant was entitled to an instruction regarding whether or not the girl was an accomplice as a matter of fact, *since the evidence clearly showed that the girl had been involved in the murder*." *Villarreal*, 708 S.W.2d at 849 (emphasis added). In *Villarreal* we pointed out that the circumstances were clearly different because there was no evidence that the juvenile had been involved in the murder, where in *Harris* we specifically emphasized the presence of evidence, including the juvenile's testimony, that pointed to her participation.

The second basis, however, misreads *Harris* and is not a conclusion that can be reasonably drawn from the premises. In *Villarreal* we continued our comparison of the two cases: "[i]n *Harris*, proceedings had already been instituted by the district attorney to have the girl certified as an adult, and this Court noted that, had the girl been indicted for murder, then she would have been an accomplice as a matter of law. 645 S.W.2d at 457 n. 27." *Villarreal*, 708 S.W.2d at 849. We made this observation several times, to emphasize that the issue presented in that case was whether Harris was entitled to a jury instruction on the juvenile's status as an accomplice as a matter of fact. We recognized that anyone indicted for the same offense, regardless of age, is an accomplice as a matter of law. *Harris*, 645 S.W.2d at 455, 457 n. 27, *citing McCloud v. State*, 527 S.W.2d 885 (Tex.Crim.App.1975). After citing definitions of accomplice as a matter of law and accomplice as a matter of fact, we said:

> We cannot say that the trial court erred in failing to instruct the jury that [the juvenile] was an accomplice witness as a matter of law. However, in light of the evidence set out below in detail, the trial court's refusal to instruct the jury to decide the fact question whether [the juvenile] was an accomplice witness [as a matter of fact] was reversible error.

*Harris*, 645 S.W.2d at 454. A reading of the entire *Harris* opinion clearly shows that the institution of certification proceedings was not the basis for the decision. The certification proceedings only went to whether the juvenile was an accomplice as a matter of *law*. *See esp. Harris*, 645 S.W.2d at 456–459.

### B.

The juvenile exception to the accomplice witness rule is not supported by statute. There is no statute or rule excluding juveniles from the accomplice witness rule; it is a judge-made doctrine. Prior to the creation of the exception, applications of the accomplice witness rule emphasized the witnesses' participation in the crime. Legal bars to prosecution did not remove accomplice status for purposes of the accomplice witness rule.

For example, under the 1925 Penal Code, the prosecution of relatives and servants of the defendant was barred. No other class of persons was exempt from prosecution. Arti-

plice witness rule, are not supported by logic and the reasons for its existence are no longer valid in light of current statutes.

**26.** Though a person who is prosecuted for the same offense as the defendant or a lesser included offense is an accomplice as a matter of law, we note that the initiation of a prosecution is not an essential element of accomplice status. A person may be an accomplice as a matter of fact if the jury determines that there is sufficient evidence in the record connecting that person to the criminal offense as a blameworthy participant. *See Ex parte Zepeda, supra; Singletary, supra; Morgan, supra;* and discussion, *supra* at II.

cle 78 provided that "[t]he following cannot be accessories; The husband or wife of the offender, his brothers and sisters, his relations in the ascending or descending line by consanguinity or affinity, or his domestic servants." In *Turner v. State,* 117 Tex.Crim. 434, 37 S.W.2d 747 (1931), the state argued this prohibition on prosecution removed the defendant's daughter-in-law from the confines of the accomplice witness rule. The syllogism the State advocated was nearly identical to that established for juveniles in *Komurke:* (1) the daughter-in-law is a relation by affinity and cannot be criminally prosecuted and (2) therefore is not an accomplice and (3) therefore is not subject to the accomplice witness rule. We rejected the State's argument:

> if such witness be excluded [from prosecution] by the terms of article 78, P.C.—that is, if the witness could not be prosecuted as an accessory under the terms of said article—*it by no means follows that said witness by his conduct might not so connect himself with the case as to character-ize him as an accomplice witness as a matter of law when called by the state to testify.* We think it a sound proposition ordinarily that one who would be liable to prosecution [ ] but for the exemption of article 78, P.C., would fall under the classification of an "accomplice witness" when called by the state to testify.

*Turner,* 37 S.W.2d at 749 (emphasis added). Thus the cloak of accomplice witness status was not removed by a specific statutory provision barring to prosecution.

We see no reason why the same logic does not apply to statutory bars to prosecution under the current Penal Code.[27]

### C.

The juvenile exception to the accomplice witness rule is contrary to the purpose of the accomplice witness rule. The heart of the accomplice witness rule is the legislature's

inherent suspicion and belief in the untrust-worthiness of the accomplice's testimony.

The rule's roots can be traced to common law, where interested parties were precluded from testifying in both criminal and civil cases—"fear of perjury was the reason for this rule." *Benson v. United States,* 146 U.S. 325, 335, 13 S.Ct. 60, 36 L.Ed. 991 (1892). The United States Supreme Court recognized that the basis of such rules was to set aside a class of persons who were more likely to commit perjury than other witnesses. *Washington v. Texas,* 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967) (rejecting the federal rule that co-defendants were only competent witnesses for the state).

This suspicion and fear of perjury is not without reason. Accomplices often strike bargains with the state, where the prosecutor agrees to a favorable sentencing recommendation in exchange for the accomplice's testimony against another person. Courts have recognized that a plea bargain contains a degree of compulsion. *People v. DeSantis,* 831 P.2d 1210 (Cal.1992), *cert. denied* 508 U.S. 917. In addition, those accused of crimes tend to try to place the responsibility for the commission of the crime on the other participants while downplaying their own participation, often in order to avoid the consequences of criminal acts. For these reasons, and to protect the criminal defendant in each case, the legislature has determined that uncorroborated testimony of an accomplice is not enough to support a criminal conviction.

There is no reason to suppose the testimony of blameworthy juveniles potentially subject to punishment by the state is any less suspect than the testimony of blameworthy adults. This is especially true in light of recent amendments to the Juvenile Justice Code which change the way in which juveniles may be adjudicated and punished, such that juveniles may now face consequences similar to those faced by adults.[28] Juvenile

---

**27.** Presently only two classes of persons are absolutely exempt from criminal prosecution: juveniles and insane persons. *See generally* Tex. Penal Code ch. 8. The issue of the accomplice witness rule does not arise in the context of insane persons, as the rules of evidence specifi-

cally declare insane persons to be incompetent witnesses. Tex R. Evid. 601(a)(1).

**28.** Among other things, the legislature expanded the definitions of delinquent conduct, expanded the list of felony offenses that authorize criminal

records are no longer permanently sealed, and some adjudications now count as prior felony convictions for enhancement purposes. Juveniles may now face up to forty years imprisonment, a change from the prior law allowing only confinement in the Texas Youth Corrections facility until the age of eighteen.[29]

As such, we find no reason to distinguish adult testimony from juvenile testimony in this regard. The juvenile exception to the accomplice witness rule is contrary to the purpose of the rule.

## Conclusion

The Court-created unilateral juvenile exception to the accomplice witness rule is abolished. The testimony of juvenile participants potentially subject to state sanctioned punishment falls within the milieu of the accomplice witness rule. We emphasize that the determination of whether a particular juvenile is an accomplice for purposes of the accomplice witness rule shall be made in the same manner as the determination of whether a particular adult is an accomplice for purposes of the rule. *See* discussion, *supra* at II. Juveniles against whom criminal proceedings or juvenile adjudications have been instituted for the same offense as the defendant or a lesser included offense are accomplices as a matter of law. If no proceedings have been instituted, the juvenile is an accomplice as a matter of fact if the jury finds the record contains sufficient evidence linking the juvenile to the criminal offense as a blameworthy-participant. Each case much be considered on its own facts.

The judgments of the Courts of Appeals are reversed. The causes are remanded to the Courts of Appeals from which they came for further proceedings consistent with this opinion.

MANSFIELD, J., filed a dissenting opinion.

MANSFIELD, Judge, dissenting.

The question presented in appellants' petitions for discretionary review is the continued viability of the juvenile exception to the accomplice witness rule. See Tex.Code Crim. Proc. art. 38.14. While I believe that the exception should be limited, I do not agree that it should be abolished. Therefore, I respectfully dissent to the opinion of the Court which, effectively, abolishes the juvenile exception to the accomplice witness rule.

Appellant Blake was convicted of theft of property valued at over $20,000.[1] At Blake's trial a juvenile testified he and Blake together stole keys to an automobile, which they later stole from the dealer's car lot. The juvenile, who was twelve years old, was named in the indictment as part of a scheme Blake formed to steal vehicles. The trial court refused to instruct the jury over appellant's objection, that the juvenile was an accomplice witness and therefore his testimony had to be corroborated. Three other witnesses were identified in the jury charge as accomplices, and the proper instruction as to corroboration was given.

The Sixth Court of Appeals affirmed the judgment of the trial court, noting the juvenile fell under the age of criminal responsibility and could not be certified as an adult. *Blake v. State*, 946 S.W.2d 118 (Tex.App.-Texarkana, 1997). Tex. Penal Code

---

**29.** We note that the *Lane* court is correct in stating that it is not the possibility of confinement or deprivation of liberty itself that weighs in favor of finding juvenile participants to be similarly situated with their adult counterparts. Rather it is the pressure to testify falsely or to shift blame that accompanies that possibility that puts juveniles on similar footing with adult accomplices.

**1.** Appellant Blake was sentenced to life in prison due to his present conviction being enhanced by two prior convictions.

proceedings for juveniles over the age of fourteen, authorized confinement in the Texas Department of Criminal Justice for various grades of felony and habitual felony conduct, categorized certain adjudications as "final felony convictions" that can be used as enhancements for repeat offenders, removed provisions forbidding the maintenance of centralized photograph and fingerprint records, repealed laws about the sealing and destruction of juvenile records, and mandated the use of the Texas Rules of Criminal Evidence and the evidentiary provisions of Chapter 38 of the Code of Criminal Procedure instead of their civil counterparts for judicial proceedings involving juveniles.

§ 8.07(a); Tex. Fam.Code § 54.02(a)(2). The court of appeals cited our holding in *Villarreal v. State,* 708 S.W.2d 845, 847–49 (Tex. Crim.App.1986), that a minor who cannot be prosecuted for an offense is not an accomplice witness, and without further analysis, rejected appellant's contention that the juvenile exception to the accomplice witness rule no longer makes sense.

Appellant Lane was convicted of the offense of aggravated robbery and was sentenced to thirty years in prison. The evidence at trial included testimony from one of the participants in the offense as well as from a thirteen-year-old juvenile who stayed in the truck with appellant while two other participants actually committed the offense.[2] According to the testimony at trial, appellant recruited the other actors to commit the offense, drove them to the scene, and picked them up after the offense was completed.

Appellant Lane moved the court to instruct the jury that the thirteen-year-old juvenile's testimony could not be considered, being uncorroborated, if they found her to be an accomplice as a matter of fact. The trial court denied appellant's specially requested charge.

The Second Court of Appeals held the trial court did not err as the juvenile, being under age fifteen, could not have been prosecuted for the instant offense. *Lane v. State,* 942 S.W.2d 208 (Tex.App.-Fort Worth, 1997). Therefore, she could not be an accomplice as a matter of fact or law. *Villarreal, supra;* Tex. Penal Code § 8.07(a). The court of appeals rejected appellant's claim that the mere fact that the juvenile could have been tried for engaging in delinquent conduct under the Family Code and deprived of her liberty until she attained age eighteen should subject her to the accomplice witness rule. Citing *Villarreal, supra,* at 848–849, the court of appeals found that only individuals subject to punishment under the Texas Penal Code are covered by the accomplice witness rule.

The court of appeals noted that under revisions to Texas Family Code §§ 53.045(a) and 54.04(d)(3), a juvenile could be sentenced up to forty years, with a potential transfer from the Texas Youth Commission to the penitentiary, if found to have engaged in delinquent conduct, to wit: aggravated robbery.

In light of changes in the law since *Villarreal* which, in certain circumstances, subject juveniles adjudicated as delinquent to punishment by confinement in the Institutional Division of the Texas Department of Criminal Justice, I believe it appropriate to revisit our holding in *Villarreal* that juveniles not subject to punishment as adults under the Penal Code are not covered by the accomplice witness rule.

An accomplice witness is an individual who has participated with the accused before, during or after the commission of a crime. *McFarland v. State,* 928 S.W.2d 482, 514 (Tex.Crim.App.1996); *Russell v. State,* 598 S.W.2d 238 (Tex.Crim.App.1980). Our case law for many years has been that a witness who has been indicted for the same offense as the accused is an accomplice witness as a matter of law, and the jury must be so instructed. See, e.g., *Solis v. State,* 792 S.W.2d 95 (Tex.Crim.App.1990); *Barrara v. State,* 42 Tex. 260 (1875); *Garza v. State,* 164 Tex.Crim. 9, 296 S.W.2d 267 (1956). Furthermore, a witness who is indicted for the same offense as the accused, but is promised immunity if he testifies against the accused, is an accomplice witness as a matter of law. *Stiles v. State,* 232 S.W. 805 (Tex.Crim.App. 1921). Recently, we held: "In order to be an accomplice as a matter of law, the witness must be susceptible to prosecution for the offense with which the accused is charged. A witness is not an accomplice witness merely because he may have known of the offense and did not disclose it or even concealed it." *McFarland, supra,* at 514. Finally, the First Court of Appeals has held that mere presence at the scene of the crime does not make a witness an accomplice. *Tran v. State,* 870 S.W.2d 654, 657 (Tex.App.-Houston [1st Dist.] 1994, pet. refused).

---

**2.** One of the actors died in jail prior to appellant's trial and thus did not testify at trial. The other actor, who did testify at appellant's trial as part of a plea agreement, received a sentence of twenty years.

Based on our prior case law, a witness is an accomplice witness as a matter of law if he or she:

1. is indicted for the same offense as the accused; or

2. is susceptible to prosecution for the same offense as the accused.

A witness may be an accomplice as a matter of law if he committed one or more affirmative acts to promote commission of the offense for which the accused is charged, either before, during or after actual commission of said offense.

Where there is conflicting evidence as to whether a witness is an accomplice, the issue is to be submitted to the jury as a question of fact for it to determine whether or not the witness is an accomplice. *Brown v. State,* 640 S.W.2d 275, 279 (Tex.Crim.App.1982); *Carrillo v. State,* 591 S.W.2d 876 (Tex.Crim. App.1979).

In *Lane,* it is not clear from the record whether the juvenile witness, assuming, *arguendo,* article 38.14 applies to juvenile witnesses, is an accomplice as a matter of law, matter of fact, or as the State contends in its brief, is not an accomplice under either standard. Also assuming, *arguendo,* that article 38.14 applies to juvenile witnesses, in *Blake,* the record may well support the conclusion that the juvenile witness would be an accomplice as a matter of law.

The purpose of the accomplice witness rule is evident—the testimony of an accomplice is inherently untrustworthy and should be viewed with caution. *Eckert v. State,* 623 S.W.2d 359, 361 (Tex.Crim.App.1981). The accomplice's motives in testifying against the accused may well include malice, an attempt to shift blame, or to curry favor from the State in the form of a lesser punishment, or perhaps, no punishment. The Legislature appropriately enacted article 38.14 to prohibit criminal convictions based solely on inherently suspect accomplice testimony, unless it is corroborated by other evidence.

However, if the witness cannot be prosecuted for the same offense as the accused or

otherwise face punishment under the Penal Code, the rationale behind the accomplice witness rule is inapplicable. For example, an eight year old "accomplice" to an accused on trial for delivery of cocaine cannot be certified as an adult for the same offense. Neither does he face confinement in the Texas Youth Commission facilities, with a possible transfer to adult prison. At most, he could be confined in a Texas Youth Commission facility until age eighteen, should he be adjudicated as a delinquent. The incentive to lie or shift blame is not nearly as great for a witness not facing trial and/or punishment as an adult under the Penal Code.[3]

Accordingly, I would hold that article 38.14 does not apply to a juvenile witness unless that witness:

1. Is subject to certification as an adult under Family Code § 54.02(a) and thus can be tried as an adult for the same offense as the accused; or

2. Is subject, if adjudicated as delinquent for committing one or more of the offenses described in Family Code § 53.045(a), under Family Code § 54.02(d)(3), to commitment to a TYC facility with a possible transfer to the Institutional Division.

In light of the above, the judgments of the courts of appeals in *Lane* and in *Blake* should be vacated and the causes remanded for the courts of appeals to determine:

1. Whether the juvenile witnesses are subject either to certification as an adult under Family Code § 54.02(a) or, if adjudicated as delinquent under Family Code § 53.045(a), face potential confinement in the Institutional Division under Family Code § 54.02(d)(3).

2. If the answer to 1 above is "yes," whether the juvenile witnesses in each cause are accomplice witnesses as a matter of law, as a matter of fact, or are not accomplices.

3. If the answer to 2 above is "yes," whether the failure to give the accomplice witness instruction is reversible

---

**3.** Of course, the Legislature is free to amend article 38.14 to cover juvenile witnesses, which would effectively overrule *Villarreal, supra.* The

fact that the Legislature has had eleven years to do so but has not so acted may well indicate their satisfaction with our holding in *Villarreal.*

error under *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App.1984). See *Burns v. State,* 703 S.W.2d 649, 651 (Tex.Crim.App.1985).

I respectfully dissent.