NUMBER 13-99-669-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

 ___________________________________________________________________ 



RAYMOND MONTGOMERY , Appellant, 



v.

 
THE STATE OF TEXAS , Appellee. 

___________________________________________________________________ 



On appeal from the 180th District Court

of Harris County, Texas.

____________________________________________________________________ 



O P I N I O N



Before Justices Hinojosa, Chavez, and Rodriguez 

Opinion by Justice Rodriguez

 

 Appellant Raymond Montgomery was convicted by a jury of burglary of a habitation.(1) Appellant pleaded true to two
enhancement paragraphs and was sentenced to forty years confinement. Appellant asserts the evidence was both
legally and factually insufficient to support his conviction. He also contends the trial court committed egregious error
in failing to instruct the jury on a witness's status as an accomplice. We reverse and remand. 

 Appellant and Derek Carter set out on foot to burglarize a home. They entered complainant's home and stacked all the
items they wished to take in the center of the living room. Realizing it was more than they could carry, they left and
went to Alissa White's apartment to borrow her car. Appellant and Carter returned to complainant's house in White's
car and proceeded to load the stolen items, including two televisions, a radio, a camcorder, credit cards, and jewelry.
They took most of the items to appellant's home and then proceeded to White's home to return her car. White emerged
from a bedroom to find appellant and Carter, as well as a television and a radio, sitting on her living room floor. White
testified that she did not ask about how or why the television and radio had appeared, and no explanation was offered. 
The trio then left in White's car with the stolen camcorder in the back seat. They were stopped by a sheriff's deputy
who noticed the car matched the description of a car involved in a burglary earlier that day. Carter and appellant were
arrested; White was not. White led police back to her apartment where they found a television and radio belonging to
complainant. 

 Carter pleaded guilty to the burglary and testified at appellant's trial. Because he was indicted for the same crime as
appellant, Carter was an accomplice witness as a matter of law. See Goff v. State, 931 S.W.2d 537, 542 n. 2 (Tex.
Crim. App. 1996). The State granted White immunity and used her testimony to corroborate Carter's testimony. The
jury was aware of White's immunity and Carter's status as an accomplice witness, and was properly instructed
regarding the necessity of corroborating testimony for Carter. No instruction was given regarding White's possible
status as an accomplice witness. 

 In appellant's third point of error, he asserts the trial court erred by failing to charge the jury on White's accomplice
status. Appellant argues granting White immunity created an issue of her status as an accomplice, either as a matter of
law or of fact. Although appellant neither requested a jury instruction to that effect, nor objected to the omission of
such from the jury charge, he claims he suffered egregious harm that requires reversal of his conviction. 

 A person who is merely present at the scene of the offense is not an accomplice; an affirmative act or omission is
required. Blake v. State, 971 S.W.2d 451, 454 (Tex. Crim. App. 1998). An accomplice is a person who participates
before, during, or after the commission of the crime. Id. Presence at the scene of the offense is not required, though
one is not an accomplice for knowing about a crime and failing to disclose it, or even concealing it. Id. A person is an
accomplice if he could be prosecuted for the same offense as the defendant or a lesser included offense, meaning there
is sufficient evidence connecting him to the criminal offense as a blameworthy participant. Id. at 455. Whether the
person is actually charged and prosecuted for their participation is irrelevant to the determination of accomplice status;
the evidence in the record is the critical factor. Id. When it is clear from the evidence that the witness was not an
accomplice, no charge need be given to the jury either that a witness is an accomplice as a matter of law or that the jury
is to decide whether the witness is an accomplice as a matter of fact. Harris v. State, 645 S.W.2d 447, 456 (Tex. Crim.
App. 1983). However, if there is a conflict in the evidence, the court should charge the jury on the question of whether
the witness was an accomplice as a matter of fact. Id. (emphasis in original); See Blake, 971 S.W.2d at 454. 

 There is conflicting evidence regarding whether White was an accomplice as a matter of fact. White testified that she
did not have any involvement in the burglary. Yet when appellant and Carter returned her car and she found a
television and a radio on her living room floor, she testified that she did not ask about how or why they got there.
White testified that, at the time she was stopped by the police, she was driving Carter and appellant to Carter's
apartment. Carter testified that "she was fixing to take us to sell the camcorder." Carter also testified that a discussion
was held in which it was decided they would sell the camcorder and split the money, though it is unclear whether
White was involved in or merely present during the discussion. This evidence could lead to an inference that White
participated in the crime and was thus subject to prosecution. Because the evidence is conflicting and it is not clear
whether the witness is an accomplice, we hold the trial court erred in failing to submit the question on White's
accomplice status to the jury. 

 However, as previously noted, appellant did not request a jury instruction regarding White's accomplice status, nor did
he object to the omission of such from the jury charge. Thus, appellant must show he was egregiously harmed by its
omission. Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). A conviction cannot stand on accomplice
testimony unless it is corroborated by other evidence tending to connect the defendant with the offense committed; the
evidence is not sufficient if it merely shows the commission of the offense. Tex. Code Crim. Proc. Ann. art. 38.14
(Vernon 2000). One accomplice witness's testimony may not corroborate the testimony of another accomplice
witness.Chapman v. State, 470 S.W.2d 656, 660 (Tex. Crim. App. 1971). The absence of an accomplice witness
instruction if one was warranted can be egregious error requiring reversal, even if there was no objection at trial. See
Saunders v. State, 817 S.W.2d 688, 692 (Tex. Crim. App. 1991). "Egregious harm consists of errors affecting the very
basis of the case, or that deprive the defendant of a valuable right, vitally affect a defensive theory, or make the case for
conviction or punishment clearly and significantly more persuasive." Id.; Almanza, 686 S.W.2d at 172. 

 In this case, if the jury were to find White an accomplice as a matter of fact, her testimony could not be used to
corroborate the testimony of Carter, an accomplice as a matter of law. Without corroborating testimony, Carter's
testimony could not have been considered. Without Carter's testimony, there is nothing to connect appellant to the
crime. No other witness was able to identify appellant as being present at the scene of crime. The testimony by police
officers regarding appellant's possession of stolen property was confused and contradictory. One officer testified in
some detail about finding credit cards at White's apartment while another officer maintained they were found in
appellant's pocket. Carter admitted that the cards were in his pocket. The State's case for conviction was made clearly
and significantly more persuasive with the testimony of Carter and White, rising to the level of egregious error. We
sustain appellant's third issue. 

 Due to our disposition of appellant's third issue, we need not address his remaining issues. Tex. R. App. P. 47.1. 

 We REVERSE and REMAND for a new trial. 

NELDA V. RODRIGUEZ 

Justice 





Do not publish. 

Tex. R. App. P. 47.3. 



Opinion delivered and filed 

this the 10th day of August, 2000. 

 

1. Tex. Pen. Code Ann. § 30.02 (Vernon 1994).