Opinion issued on November 14, 2002













In The
Court of Appeals
For The
First District of Texas




NO. 01-01-01235-CR




MARION YOUNG, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 21st District Court
Burleson County, Texas
Trial Court Cause No. 12,317




O P I N I O N
          A jury found appellant, Marion Young, guilty of delivery of cocaine weighing
more than four grams, but less than two hundred grams. The trial court assessed
punishment at 35 years’ confinement. In two points of error, appellant contends that
(1) the evidence was legally insufficient to support his conviction; and (2) the trial
court abused its discretion in instructing the jurors to continue with their deliberations
after 5:00 p.m., when the trial court had previously told the jurors that they would not
work past 5:00 or 5:30 p.m. 
          We reverse and acquit.
Facts
          In February 2000, while on community supervision, Hamilton Farr, a
confidential informant, was arrested for selling marihuana to another confidential
informant. On September 19, 2000, the State filed a motion to revoke Farr’s
community supervision. Shortly thereafter, Farr volunteered to help the Independent
Narcotics Task Force (INTF) apprehend appellant, an alleged cocaine dealer. 
          Washington County Deputy Sheriff Ted Galloway, who was assigned to the
INTF, testified that on November 15, 2000, he gave Farr $600 to purchase cocaine
from appellant. An officer searched Farr, as well as Farr’s car, to ensure that Farr did
not possess a weapon or contraband. Farr was provided with an audio tape recorder
to record the cocaine transaction. Farr left in his car, and Galloway followed him to
the “area” where Farr was believed to be going. Galloway stopped following Farr
when Farr turned onto County Road 2039. Galloway believed Farr to be going to a
residence on County Road 242, but it is unclear as to what distance separated
Galloway from the residence he believed Farr was going to. It is undisputed that Farr
“went out alone” to make the cocaine transaction. When Farr returned, Galloway
recovered the tape recorder, the audio tape, and 19.49 grams of cocaine from Farr. 
Farr identified appellant as the person who sold him the cocaine, and appellant was
subsequently arrested.
          The State presented five witnesses at trial. Three of them were law
enforcement officers who testified about their working relationship with Farr, the
preparation and technique involved in their use of confidential informants, and the
chain of custody as to the cocaine recovered in this case. Dennis Ramsey, a chemist
for the Texas Department of Public Safety in Austin, testified for the State that he had
analyzed the substance recovered from Farr and had found it to be cocaine. Farr
testified that he had purchased the cocaine from appellant.
          Farr also identified a photograph of appellant’s house as the location of the
cocaine transaction, and identified appellant as one of the voices on the audio tape
used to record the cocaine transaction. No one else identified appellant’s voice on the
tape. 
Sufficiency of the Evidence
          In his first point of error, which disposes of the appeal, appellant argues that 
the evidence was legally insufficient to support his conviction because it was based
on the testimony of a confidential informant and the State presented no other
evidence tending to connect appellant with the cocaine purchase. See Tex. Code
Crim. Proc. Ann. art. 38.141 (Vernon Supp. 2002). 
          When reviewing the legal sufficiency of the evidence, we view the evidence
in the light most favorable to the verdict and determine whether any rational trier of
fact could have found the essential elements of the offense beyond a reasonable
doubt. King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000).
          Article 38.141 provides that: 
(a) A defendant may not be convicted of an offense . . . on the testimony
of a person who is not a licensed peace officer . . . but who is acting
covertly on behalf of a law enforcement agency . . . unless the testimony
is corroborated by other evidence tending to connect the defendant with
the offense committed.
 
(b) Corroboration is not sufficient for the purposes of this article if the
corroboration only shows the commission of the offense. . . . 
Tex. Code Crim. Proc. Ann. art. 38.141 (Vernon Supp. 2002). 
          Article 38.141 became effective in September 2001. Neither party directs us
to an appellate decision interpreting article 38.141, and both sides agree that we
should look to case law interpreting article 38.14, a similarly worded statute, for
guidance. Article 38.14 provides that “a conviction cannot be had upon the
testimony of an accomplice unless corroborated by other evidence tending to connect
the defendant with the offense committed.” Tex. Code Crim. Proc. Ann. art. 38.14
(Vernon 1979). In interpreting the meaning of article 38.141, we must assume that
the legislature was aware of case law interpreting the similar language used in article
38.14. See Acker v. Texas Water Comm’n, 790 S.W.2d 299, 301 (Tex. 1990) (“[a]
statute is presumed to have been enacted by the legislature with complete knowledge
of the existing law and with reference to it.”).
          The purpose of the article 38.14 corroborating evidence requirement is to
ensure that the conviction of an accused rests upon more than the testimony of an
accomplice because an accomplice may have an incentive to be untruthful. Blake v.
State, 971 S.W.2d 451, 454 (Tex. Crim. App. 1998). In Blake, the court explained
that, “the rule reflects a legislative determination that accomplice testimony
implicating another person should be viewed with a measure of caution, because
accomplices often have incentives to lie, such as to avoid punishment or shift blame
to another person.” Id.
          We recognize that confidential informants may have incentives to create
criminal cases or shade their testimony in favor of the State in the hope that they will
be rewarded with greater leniency later on. This issue is addressed by the
requirement in article 38.141 that the defendant’s conviction be based, at least in part,
upon “other evidence tending to connect” an accused with the offense. 
          In determining whether there is “other evidence” tending to connect an accused
with the offense in an analysis under article 38.14, a court must “eliminate all
accomplice evidence and determine whether the other inculpatory facts and
circumstances in evidence tend to connect appellant to the offense.” McDuff v. State,
939 S.W.2d 607, 612 (Tex. Crim. App. 1997); Brown v. State, 672 S.W.2d 487, 488
(Tex. Crim. App. 1984) (“[t]he test . . . is to eliminate from consideration the evidence
of the accomplice witness and then examine the testimony of other witnesses to
ascertain if there is inculpatory evidence which tends to link the accused with the
commission of the offense.”). The “testimony” that is to be eliminated from
consideration is that testimony given by live witnesses speaking under oath in court. 
Bingham v. State, 913 S.W.2d 208, 210 (Tex. Crim. App. 1995). 
          Non-accomplice evidence does not, by itself, have to establish the guilt of the
defendant beyond a reasonable doubt, but it does have to connect the defendant with
the offense. McDuff, 939 S.W.2d at 612. Where corroborating evidence required for
a conviction is lacking, the defendant will be entitled to a verdict of acquittal. Tex.
Code Crim. Proc. Ann. art. 38.17 (Vernon 1979).
          In determining whether the article 38.141“other evidence” requirement was
satisfied, we will follow the approach used in McDuff and eliminate from our
consideration all of Farr’s testimony. The requirements of article 38.141 will have
been met if we find some “other evidence” that tended to connect appellant with the
cocaine transaction. 
          The State argues that, after disregarding Farr’s testimony in its entirety, there
was still sufficient evidence connecting appellant with the offense because: (1) the
State introduced a photograph of appellant’s house into evidence, which was
identified by Farr as the location of the cocaine transaction; and (2) appellant’s voice
was on the audio tape used by Farr to record the cocaine transaction. We disagree. 
The photograph of appellant’s house simply did not connect appellant to a cocaine
transaction, and the State offered no other evidence that linked appellant’s house to
a cocaine transaction. None of the officers could verify that Farr went to appellant’s
house on the day of the cocaine transaction because, as Farr testified, he “went out
alone.” No other witnesses testified that Farr entered appellant’s house, or that a
cocaine transaction took place there. Farr provided the only link between appellant’s
house and the cocaine transaction, and, after we eliminate his testimony from our
consideration, we find that the photograph of appellant’s house was not “other
evidence” tending to connect appellant with the cocaine transaction.
          Likewise, without Farr’s testimony, the tape recording did not connect
appellant to the cocaine transaction. Appellant did not testify in this case, and aside
from Farr, no one identified appellant’s voice on the tape recording. Without Farr’s
identification of appellant’s voice, we have only unidentified voices on the audio tape
recording. The fact that the jury was able to listen to an audio recording of a possible
cocaine transaction is insufficient to connect appellant with the commission of the
offense because corroborating evidence is not sufficient if it merely “shows the
commission of the offense.” Tex. Code Crim. Proc. Ann. art. 38.141.
          None of the other evidence in the record tended to connect appellant to the
offense. Officer Galloway testified as to his relationship with Farr, and generally how
confidential informants are used by law enforcement. Galloway also described the
events leading up to the cocaine transaction, but he did not see the cocaine
transaction, or even where Farr went. Officer Peter Glidewell also testified as to the
events leading up to Farr’s departure from the officers’ presence, but like Galloway,
he did not know where Farr went after leaving the officers. Neither officer provided
testimony that connected appellant with the cocaine transaction. 
          The State offered no other corroborating evidence that tended to connect
appellant to the cocaine transaction. Accordingly, we hold the evidence was legally
insufficient to sustain appellant’s conviction.
          We sustain appellant’s first issue.Conclusion
          Because we hold that there was legally insufficient evidence to support
appellant’s conviction, we need not address his second issue. We reverse the
judgment of the trial court and render a judgment of acquittal. 



 
                                                                        Sherry J. Radack
                                                                        Justice

Panel consists of Justices Nuchia, Jennings, and Radack.

Publish. Tex. R. App. P. 47.