

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

### NO. PD-0280-15

---

### THE STATE OF TEXAS

#### v.

### JOHN ALLEN WACHTENDORF, JR., Appellee

---

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE THIRD COURT OF APPEALS WILLIAMSON COUNTY

---

KELLER, P.J., filed a dissenting opinion in which KEASLER, HERVEY and ALCALA, JJ., joined.

I agree with former Presiding Judge McCormick that "entered" is a legal term of art that means "the clerical act of entry into the record"[1] and that the clerical act of entry occurs when the signed order is "file marked by the clerk."[2] Although the interests of *stare decisis* are at their height for judicial constructions of legislative enactments upon which the parties rely for guidance in

---

[1] *State v. Rosenbaum*, 818 S.W.2d 398, 404 (Tex. Crim. App. 1991) (McCormick, P.J., concurring).

[2] *Id.* at 405.

conforming to those enactments,[3] there are nevertheless times when a court should reconsider a decision that construes a statute.[4]  I think this is one of those times, because the construction of the term "entered" in *Rosenbaum* to mean "signed" is contrary to the plain meaning of the term "entered" and because the present case illustrates the problems that can be caused by that construction.

Nevertheless, the trial court has the power to remedy the situation in this case if it believes that the State was unfairly deprived of notice of the suppression order in time to file an appeal.  An order suppressing evidence is an interlocutory order that may be revised by the trial court at any time before the end of trial.[5]  The trial court could rescind its order granting the motion to suppress on the basis that the State was not given timely notice of the order.  The trial court could then issue a new order granting the motion to suppress, and the appellate timetables would then run from that new order.  Regardless of whether the trial court provides a remedy in this case, I would not continue to uphold an interpretation of a statute that requires the State to rely solely upon the grace of the trial court to correct the deprivation of the State's right to appeal when the plain language of the statute does not require such a result.

With these comments, I respectfully dissent.

Filed: November 18, 2015
Publish

---

[3] *Jones v. State*, 323 S.W.3d 885, 889 (Tex. Crim. App. 2010).

[4] *See e.g.*, *Blake v. State*, 971 S.W.2d 451 (Tex. Crim. App. 1998) (revisiting and ultimately overruling earlier holding that construed the accomplice witness rule not to cover accomplices who are juveniles).

[5] *Black v. State*, 362 S.W.3d 626, 633 (Tex. Crim. App. 2012).