Affirmed and Memorandum Opinion filed September 4, 2007








Affirmed and Memorandum Opinion filed September 4, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00504-CR

____________

 

JOEL ALFRED DIXON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 180th
District

Harris County, Texas

Trial Court Cause No. 1014439

 



 

M E M O R A N D U M  O P I N I O N








Appellant Joel Alfred Dixon was found guilty by a jury of
the offense of possession of marihuana in an amount fifty pounds or less but
more than five pounds.  Tex. Health & Safety Code Ann. ' 481.121(a),(b)(4)
(Vernon 2003).  The jury assessed punishment at five years= incarceration in
the Institutional Division of the Texas Department of Criminal Justice, and a
$10,000 fine.  In three issues, appellant contends the evidence is legally and
factually insufficient to sustain his conviction, and the marihuana admitted into
evidence at trial was obtained by police as a result of an illegal search
conducted without a warrant or appellant=s consent.  We
affirm. 

Factual and Procedural Background

On January 25, 2005, Barbara Jones gave appellant a ride to
the Amtrak train station in downtown Houston.  Jones parked her vehicle and
helped appellant carry his luggage into the train station.  Appellant and Jones
entered the train station with three bags.  Jones was carrying a black
suitcase, and appellant was carrying a black duffel bag and a blue duffel bag. 
The black duffel bag contained appellant=s clothing and
personal items.  The blue duffel bag and black suitcase contained marihuana
with a combined weight of 18.6 pounds.  Appellant approached the ticket counter
with the black duffel bag while Jones stood next to the blue duffel bag and
black suitcase.    








Houston Police Department (AHPD@) Officers Rudolph
Gomez, Jr., Pedro Lopez, and Allen Heinle, members of the HPD narcotics
interdiction squad, were present in the train station when appellant and Jones
arrived.  Gomez testified he was looking for an individual named Nixon or Dixon
who reserved a one-way ticket to Washington, D.C. on January 24, 2005 and
failed to show up to purchase the ticket.  Appellant approached the ticket
counter and stated that he wanted to check in his black duffel bag.  Appellant
had a reservation for a one-way trip to Washington, D.C.  Gomez testified
appellant was nervous and appeared to be Ascanning the area@ for people
watching him. When Gomez approached appellant and identified himself as a
police officer, appellant began shaking and would not look directly at Gomez.
Gomez told appellant he was looking for narcotics and requested permission to
search appellant=s luggage.  Appellant consented to a
search of his luggage and opened the black duffel bag to show its contents to
Gomez.  Gomez asked appellant if he had any more luggage, and appellant stated
he had two more bags.  When police officers approached Jones, she verified that
the blue duffel bag and black suitcase belonged to appellant.  Officer Heinle
searched the two bags and found marihuana.  Appellant was charged by indictment
with possession of marihuana.  After a jury trial, appellant was convicted and
sentenced to five years= incarceration. 

Discussion

I. 
Issues Presented

In his first and second issues, appellant argues the
evidence is legally and factually insufficient to show that he knowingly or
intentionally possessed marihuana.  As part of his first issue, appellant
contends the accomplice witness testimony of Barbara Jones is not sufficiently
corroborated and therefore should not be considered in our analysis of the
sufficiency of the evidence. We first determine whether Jones= testimony is
sufficiently corroborated, and then we review the legal and factual sufficiency
of the evidence.  In his third issue, appellant argues he did not consent to
the warrantless search of the two bags in which the marihuana was found. 

II.  Accomplice
Witness Testimony

An accomplice witness is a person who participated before,
during, or after the commission of an offense and could be prosecuted for the
same offense with which the defendant was charged, or a lesser-included
defense.  See Blake v. State, 971 S.W.2d 451, 454B55 (Tex. Crim.
App. 1998).  Because Jones was indicted for the same offense as that with which
appellant was charged, her status as an accomplice is established as a matter
of law.[1] 
See DeBlanc v. State, 799 S.W.2d 701, 708 (Tex. Crim. App. 1990). 








Article 38.14 of the Texas Code of Criminal Procedure
provides: AA conviction cannot be had upon the testimony of an
accomplice unless corroborated by other evidence tending to connect the
defendant with the offense committed; and the corroboration is not sufficient
if it merely shows the commission of the offense.@  Tex. Code Crim.
Proc. Ann. art. 38.14 (Vernon
2005).  Under this rule, the reviewing court eliminates all of the accomplice
testimony from consideration and then examines the remaining portions of the
record to see if there is any evidence that tends to connect the accused with
the commission of the crime. Castillo v. State, 221 S.W.3d 689, 691
(Tex. Crim. App. 2007).  The corroborating evidence need not be sufficient by
itself to establish guilt beyond a reasonable doubt, nor must it directly link
the appellant to the crime.  Id.  There must simply be some
non-accomplice evidence which tends to connect the appellant to the commission
of the offense alleged in the indictment.  Id.  The mere presence of the
accused in the company of the accomplice before, during, and after the
commission of the offense is insufficient by itself to corroborate the
accomplice testimony.  Dowthitt v. State, 931 S.W.2d 244, 249 (Tex.
Crim. App. 1996).  Evidence of such presence, however, coupled with other
suspicious circumstances, may tend to connect the accused to the offense.  Id. 
Following is a summary of the key non-accomplice testimony.








Officer Gomez testified he has been part of the HPD
narcotics interdiction squad for thirteen years and has made hundreds of
arrests during that time.  The narcotics interdiction squad specializes in
intercepting people using public transportation to transport narcotics.  Gomez
testified people transporting narcotics on public trains often make last-minute
travel arrangements, purchase one-way tickets, pay cash, reserve sleeping
compartments, and arrive shortly before their scheduled departure time.  Gomez
testified that on January 24, 2005, an individual named Nixon or Dixon reserved
a one-way ticket to Washington, D.C. two hours before the scheduled departure
time and failed to show up to purchase the ticket.  Gomez went to the Amtrak station
on January 25 dressed in plain clothes to conduct surveillance and look for an
individual named Nixon or Dixon.  Gomez testified appellant and Jones arrived
at the train station together in an automobile.  Jones retrieved a black
suitcase from the trunk of the vehicle and carried it into the station.
Appellant retrieved a black duffel bag and a blue duffel bag  (containing
marihuana) from the trunk of the vehicle and carried them into the train
station.  Jones and appellant entered the train station together and both
appeared nervous.  Jones stopped and stood near the entrance doors.  Appellant
placed the blue duffel bag on the floor next to Jones, and approached the
ticket counter.  Gomez testified appellant fit the profile of someone
transporting narcotics because he purchased a one-way ticket, reserved a
sleeping compartment, and appeared very nervous.  Gomez testified that when he
spoke to appellant, appellant Avisibly started shaking and really wouldn=t look [Gomez]
square in the eyes.@  Gomez asked appellant if he had any
luggage, and appellant pointed to the black duffel bag.  Gomez told appellant
he observed appellant entering the train station carrying the blue duffel bag
and asked appellant if he had any other luggage.  Appellant responded, AYeah, I have two
other ones.@ Gomez testified appellant consented to a search of
his bags, and marihuana was discovered in both the black suitcase and the blue
duffel bag.

Officer Pedro Lopez testified appellant and Jones arrived
at the train station together in an automobile.  Lopez testified appellant
carried two bags into the station, one of which contained marihuana.  Officer
Allen Heinle testified he recovered the drug evidence and sealed it in an
evidence bag.  Rosa Rodriguez, a chemist employed by the  HPD Crime Lab,
testified she analyzed the drug evidence identified as State=s Exhibit 13 and
determined that it was 18.6 pounds of marihuana. 








The non-accomplice testimony described above includes
evidence that appellant carried a duffel bag containing marihuana into the
train station while in the company of the State=s accomplice
witness, Barbara Jones.  Two police officers testified appellant and Jones
arrived at the train station together with three pieces of luggage, two of which
contained marihuana.  Officer Gomez testified appellant fit the profile of
someone transporting drugs because appellant reserved a ticket for a one-way
trip with a sleeping compartment, appeared very nervous, and started shaking
when Gomez approached him.  Gomez further testified appellant stated he had Atwo other@ bags in addition
to the black duffel bag appellant was attempting to check in when Gomez
approached him.  This non-accomplice evidence tends to connect appellant with
the offense of possession of marihuana and therefore provides sufficient
corroboration for the accomplice witness testimony of Barbara Jones.  See Tex.
Code Crim. Proc. Ann. art. 38.14;
McAffee v. State, 204 S.W.3d 869, 871B72 (Tex. App.CCorpus Christi
2006, pet. ref=d) (finding police officers= testimony tended
to connect defendant to possession of narcotics). 

III. 
Legal and Factual Sufficiency of the Evidence

            Appellant argues the
evidence is legally and factually insufficient to show that he knowingly or
intentionally possessed marihuana.  Appellant contends the two bags containing
marijuana belonged to Barbara Jones, and appellant was merely helping Jones to
carry her luggage into the train station when he was arrested.

A. 
Standards of Review

In a
legal sufficiency review, we view all the evidence in the light most favorable
to the verdict and determine whether any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979);
Salinas v. State, 163 S.W.3d 734, 737 (Tex. Crim. App. 2005).  The jury,
as the sole judge of the credibility of the witnesses, is free to believe or
disbelieve all or part of a witness=s testimony.  Jones v. State,
984 S.W.2d 254, 257 (Tex. Crim. App. 1998).  We do not engage in a second
evaluation of the weight and credibility of the evidence, but only ensure the
jury reached a rational decision.  Muniz v. State, 851 S.W.2d 238, 246
(Tex. Crim. App. 1993); Harris v. State, 164 S.W.3d 775, 784 (Tex. App.CHouston [14th Dist.] 2005, pet. ref=d).








In a
factual sufficiency review, we consider all the evidence in a neutral light.  Prible
v. State, 175 S.W.3d 724, 730B31 (Tex. Crim. App. 2005).  The
evidence may be factually insufficient in two ways.  Id. at 731.
 First, when considered by itself, evidence supporting the verdict may be
so weak the verdict is clearly wrong and manifestly unjust.  Id.  Second,
where the evidence both supports and contradicts the verdict, the contrary
evidence may be strong enough that the beyond-a-reasonable-doubt standard could
not have been met.  Id.  In conducting a factual sufficiency review, we
must employ appropriate deference so that we do not substitute our judgment for
that of the fact finder.  Jones v. State, 944 S.W.2d 642, 648 (Tex.
Crim. App. 1996).  Our analysis must consider the evidence appellant claims is
most important in allegedly undermining the jury=s verdict.  Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003). 

B.  Applicable Law

The State was required to prove beyond a reasonable doubt
that appellant knowingly or intentionally possessed marihuana in a useable
quantity fifty pounds or less but more than five pounds. See Tex. Health
& Safety Code Ann. '
481.121(a),(b)(4).  To prove unlawful possession of a controlled substance, the
State must prove that: (1) the accused exercised control, management or care
over the substance; and (2) the accused knew the matter possessed was
contraband.  Poindexter v. State, 153 S.W.3d 402, 405 (Tex. Crim. App.
2005).  Whether the evidence is direct or circumstantial, it must establish an
affirmative link showing that the accused=s connection with
the contraband was more than just fortuitous.  Id. at 405B06.  The Aaffirmative links
rule@ is designed to
protect the innocent bystander from conviction based solely upon his fortuitous
proximity to someone else=s contraband.  Id. at 406.  In
deciding whether the evidence is sufficient to link the contraband, the trier
of fact is the exclusive judge of the credibility of the witnesses and the
weight to be given to their testimony.  Id.








Courts consider the following non-exclusive list of factors
in determining whether there is an affirmative link between the defendant and
the contraband: (1) the defendant=s presence when
the search was conducted; (2) whether the contraband was in plain view; (3) 
the defendant=s proximity to and accessibility of the narcotic; (4)
whether the defendant was under the influence of narcotics when arrested; (5)
whether the defendant possessed narcotics or other contraband when arrested;
(6) whether the defendant made incriminating statements; (7) whether the
defendant attempted to flee; (8) whether the defendant made furtive gestures;
(9) whether there was an odor of narcotics; (10) whether other contraband or
drug paraphernalia was present; (11) whether the defendant owned or had the
right to possess the place where the contraband was found; (12) whether the
place where the contraband was found was enclosed; (13) whether the defendant
was found with a large amount of cash; and (14) whether the conduct of the
defendant indicated a consciousness of guilt.  Olivarez v. State, 171
S.W.3d 283, 291 (Tex. App.CHouston [14th Dist.] 2005, no pet.).  The
number of linking factors present is not as important as the Alogical force@ they create to
prove the crime was committed.  Id.

C.  Analysis








Barbara Jones testified appellant came to Houston to
purchase marihuana.  Jones testified appellant arrived in Houston and rented a
hotel room approximately two days before he was arrested.  Jones testified she
went to appellant=s hotel room on January 24, 2005 and
helped appellant package his marihuana in preparation for his trip.  Jones
testified she brought a vacuum sealing device, typically used for packaging
food, to appellant=s hotel room and helped appellant use the
device to package his marihuana in plastic bags.  Jones testified that her
boyfriend was supposed to receive some benefit in exchange for her helping
appellant.  Jones testified appellant called her on January 25 and asked her to
give him a ride to the train station.  Jones drove her automobile to appellant=s hotel room, and
appellant loaded three pieces of luggage into her vehicle.  All three of the
bags belonged to appellant.  Jones recognized two of the bags as the same ones
she had seen appellant loading with marihuana the previous day.  Jones
testified appellant knew that two of the bags contained marihuana. Jones
testified that all of the marihuana and luggage containing marihuana belonged
to appellant, and appellant was planning to carry the bags containing marihuana
with him onto the train.  Jones further testified she helped appellant carry
one of his three bags into the train station, but she was merely dropping
appellant off at the train station and did not have a ticket to travel
anywhere.   

Appellant testified that the two bags containing marihuana belonged
to Jones, and he did not know that the bags contained marihuana.  Appellant
testified he traveled to Houston from Virginia to visit friends, and had been
in Houston for approximately one week prior to his arrest.  Appellant testified
he stayed at a friend=s house while visiting Houston, and denied
renting a hotel room, purchasing marihuana, or packaging marihuana.  Appellant
testified he called Jones= boyfriend, Joseph Alcock, and asked for a
ride to the train station.  Appellant testified that Jones and Alcock lived
together, and when appellant called their home, Jones told appellant that she
was already planning to go to the train station and could give appellant a
ride.  Appellant testified he had only one piece of luggage, a black duffel
bag, and the two bags containing marihuana belonged to Jones.  Appellant
testified that when he and Jones arrived at the train station, he helped Jones
carry one of her bags into the train station, but he did not know the bag
contained marihuana.  Appellant was the only witness to testify for the
defense.








As the sole judge of the credibility of the witnesses and
the weight to be given to their testimony, the jury was free to believe the
testimony of Barbara Jones, despite the conflicting testimony offered by
appellant.  See Jones, 984 S.W.2d at 257.  Jones= testimony
provided evidence of appellant=s intent to possess marihuana, and
appellant=s exercise of management  and control over the
marihuana with which he was arrested.  Officer Gomez= testimony, described
in Section II of this opinion, provides evidence of appellant=s conduct
indicating a consciousness of guilt.  Gomez testified appellant was scanning
the area inside the train station, appeared to be very nervous, and began
physically shaking when approached by Gomez.  Gomez further testified appellant
entered the train station carrying a bag containing marihuana and fit the
profile of a person transporting narcotics.  Viewing all the evidence in the
light most favorable to the verdict, we conclude that any rational trier of
fact could have found beyond a reasonable doubt that appellant knowingly or
intentionally possessed marihuana.  See Muniz, 851 S.W.2d at 246. 
Accordingly, the evidence is legally sufficient and appellant=s first issue is
overruled.

In support of his factual sufficiency challenge, appellant
relies on the same evidence and arguments raised in his legal sufficiency
challenge.  Appellant contends the testimony of Jones is not sufficiently
corroborated and, aside from Jones= testimony, the
evidence is insufficient to show that appellant knowingly possessed marijuana. 
Appellant also points to his own testimony as evidence undermining the jury=s verdict.  After
reviewing all the evidence in a neutral light, we hold the evidence supporting
the verdict is not so weak that the verdict is clearly wrong and manifestly
unjust, nor is the contrary evidence so strong that the
beyond-a-reasonable-doubt standard could not have been met.  See Prible,
175 S.W.3d at 730B31.  Accordingly, the evidence is
factually sufficient to prove appellant knowingly or intentionally possessed
marihuana. See id.  Appellant=s second issue is
overruled.

IV. 
Consent to Search

In his third issue, appellant argues he did not consent to
the warrantless search of the two bags in which the  marihuana evidence was
found.  The State contends appellant failed to preserve this issue for
appellate review.  To preserve error for appellate review, the complaining
party must make a specific, timely objection and obtain a ruling on the
objection.  Tex. R. App. P. 33.1; Wilson v. State, 71 S.W.3d 346, 349
(Tex. Crim. App. 2002).  In addition, the point of error on appeal must comport
with the objection made at trial.  Id.  An objection stating one legal
basis may not be used to support a different legal theory on appeal.  Rezac
v. State, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990).  Even constitutional
errors may be waived by failure to object at trial.  Broxton v. State,
909 S.W.2d 912, 918 (Tex. Crim. App. 1995).








Appellant did not move to suppress the drug evidence
discovered by police as a result of the search of appellant=s luggage. 
Appellant contends, however, this issue has been preserved for appellate review
because his trial counsel objected to the admission of the drug evidence at
trial.  Our review of the record shows that when the State offered the
marihuana (State=s Exhibit 13) into evidence, appellant=s trial counsel
made the following objection: AObject that the chain of custody hasn=t been shown.@  The trial court
ruled, AWell, I will admit
it, subject to chain of custody.@  At the
conclusion of the State=s case-in-chief,  counsel for the State
re-offered the marihuana into evidence.  The court admitted the marihuana into
evidence, and appellant=s counsel did not object.  Because
appellant did not object to the admission of the marihuana on the grounds that
appellant did not consent to the warrantless search of the bags in which the
marihuana was found, we conclude appellant has failed to preserve this issue
for appellate review.  See Wilson, 71 S.W.3d at 349.  Appellant=s third issue is
overruled.  

Conclusion

Having considered and overruled each of appellant=s issues on
appeal, we affirm the judgment of the trial court.

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed September 4, 2007.

Panel consists of
Justices Anderson, Fowler, and Frost.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  Jones testified she was charged as a co-defendant in
appellant=s case and entered into a plea agreement with the
State.