IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00395-CV

 

jerold klug,

                                                                                    Appellant

 v.

 

john restivo and cathy restivo,

                                                                                    Appellees

 

 

 



From the 170th District
Court

McLennan County, Texas

Trial Court No. 2008-840-4

 



order OF RECUSAL



 








            I hereby recuse myself from
further participation in this case.

 

                                                                                    _____________________________

                                                                                    REX
D. DAVIS

                                                                                    Justice

 

                                                                                    Date:
________________________

 

 







to 60 years in prison. She appeals, urging (1) the court erred in its charge to the jury and (2) the
evidence is insufficient to corroborate the testimony of an accomplice. Finding harmless error in
the charge and sufficient corroboration, we will affirm the judgment.
The Offense
      Toby Matthews was found dead behind his car on the side of the road in a Corsicana
neighborhood. He had been shot multiple times. A resident of the area heard gunshots and saw
a pick-up speed away. Phillips, who was Matthews’ girlfriend, and Richard Boyd, Matthews’
roommate, were arrested and charged with murder. Boyd, who pled guilty to the offense before
Phillips’ trial, was the main witness against her.
Charge Error
      Phillips’ first issue claims the trial court erred in overruling her objection to the charge at the
guilt-innocence phase. She contends that the court erred by including two lines from the Geesa
“reasonable doubt” definition in the jury charge. Geesa v. State, 820 S.W.2d 154, 162 (Tex.
Crim. App. 1991), overruled by Paulson v. State, 28 S.W.3d 570, 573 (Tex. Crim. App. 2000). 
The two lines Phillips finds objectionable are:
It is not required that the prosecution prove guilt beyond all doubt. It is required that the
prosecution’s proof exclude all reasonable doubt concerning the defendant’s guilt.

At trial, Phillips objected only to the first sentence. 
      Phillips says that because the Court of Criminal Appeals found the better practice was to give
no definition of reasonable doubt at all to the jury, the inclusion of these sentences is error. See
Paulson v. State, 28 S.W.3d 570, 573 (Tex. Crim. App. 2000). We agree. In Paulson, the Court
decided to forgo requiring a definition on reasonable doubt. See id. The Court said: “We find
that the better practice is to give no definition of reasonable doubt at all to the jury. On the other
hand, if both the State and the defense were to agree to give the Geesa instruction to the jury, it
would not constitute reversible error for the trial court to acquiesce to their agreement.” Id. 
Here, the trial court extracted two lines from the reasonable-doubt instruction in Geesa and gave
them to the jury. Because the Court of Criminal Appeals was clear on the point—give it all if the
parties agree or give none of it—we hold it was error to give part of the Geesa instruction in the
absence of an agreement. See id.
      Having found error in the charge, we turn to the question of harm. Abdnor v. State, 871
S.W.2d 726, 731 (Tex. Crim. App. 1994) (a review of charge errors is a two-step process). 
Because Phillips did not object to both sentences, we might apply the “some harm” standard to
the objected-to portion and the “egregious harm” standard to the other. Almanza v. State, 686
S.W.2d 157, 171 (Tex. Crim. App. 1985) (on rehearing). However, after a thorough evaluation
of the record applying the less stringent standard, we cannot say that the charge error caused
harm. See Ovalle v. State, 13 S.W.3d 774, 786 (Tex. Crim. App. 2000) (factors to consider). 
Thus, Phillips’s first issue is overruled.
Accomplice Witness Testimony
      Phillips’ second issue challenges the sufficiency of the evidence to corroborate Boyd’s
accomplice testimony.
      Article 38.14 states that a conviction "cannot be had upon the testimony of an accomplice
unless corroborated by other evidence tending to connect the defendant with the offense
committed; and the corroboration is not sufficient if it merely shows the commission of the
offense." Tex. Code Crim. Proc. Ann. art. 38.14 (Vernon 1979). The reason for the rule is
that accomplice testimony is inherently untrustworthy and should be viewed with caution. Blake
v. State, 971 S.W.2d 451, 454 (Tex. Crim. App. 1998) (accomplices often have incentives to lie,
such as to avoid punishment or shift blame to another person). The test for determining whether
the evidence is sufficient to corroborate accomplice testimony is to eliminate from consideration
the accomplice-witness's testimony and examine the other inculpatory evidence to ascertain
whether the combined weight of the non-accomplice evidence "tends to connect" the defendant
with the offense. Bradley v. State, 48 S.W.3d 437, 440 (Tex. App.—Waco 2001, no pet.) (citing
Cathey v. State, 992 S.W.2d 460, 462 (Tex. Crim. App. 1999), cert. denied, 528 U.S. 1082, 120
S.Ct. 805, 145 L.Ed.2d 678 (2000)). We will use this test to determine whether Boyd’s testimony
is adequately corroborated. 
      Boyd testified that on the night of the murder, he and Phillips followed Matthews as he was
driving to a store to buy cough medicine. Boyd flashed his lights at Matthews, and after Matthews
pulled over to the side of the road, they argued about the cough medicine. As Matthews turned
to go back to his car, Phillips pulled out a gun and shot him. She continued to shoot him after her
first shot hit him. Although Boyd had said in a written statement that he then took the gun from
Phillips and also shot Matthews, he testified at trial he did not shoot at all. He said they got back
in the pick-up, turned around, and drove home.
      Manda Ralstin-Mauch testified that she and Phillips were in the same jail cell in Colorado
some time after the murder. Phillips admitted to her that she shot Matthews six or seven times
and killed him. She testified that Phillips also said Boyd was with her and that he, too, shot
Matthews. Ralstin-Mauch’s testimony, independently of Boyd’s, “tends to connect” Phillips to
the offense. We hold that Boyd’s testimony is sufficiently corroborated and overrule the second
issue.
Conclusion
      Having overruled Phillips’ two issues, we affirm the judgment.

                                                                         BILL VANCE
                                                                         Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
      (Justice Gray concurring)
Affirmed
Opinion delivered and filed February 27, 2002
Publish
[CRPM]