Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




# MEMORANDUM OPINION

No. 04-09-00714-CR

Jose Antonio **MARTINEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 406th Judicial District Court, Webb County, Texas
Trial Court No. 2009-CRP-000693
Honorable Oscar J. Hale, Jr., Judge Presiding

Opinion by:    Phylis J. Speedlin, Justice

Sitting:    Karen Angelini, Justice
            Sandee Bryan Marion, Justice
            Phylis J. Speedlin, Justice

Delivered and Filed:  February 16, 2011

AFFIRMED

Jose Antonio Martinez appeals his convictions for one count of aggravated assault and three counts of compelling prostitution. On appeal, Martinez contends the trial court erred in failing to hold a competency hearing, denying his motion for continuance, and denying his request for an accomplice witness instruction. We affirm the trial court's judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

Martinez and "Becky," a fifteen year old female, began a relationship in the summer of 2008. On several occasions, Becky ran away with Martinez from San Antonio to various locations. Martinez began to beat Becky while they were staying in Midland, Texas. The couple returned to San Antonio, and then went to Laredo with the help of Martinez's grandparents who drove them there. Martinez and Becky checked into the Loma Alta motel for a one-month term on March 19, 2009. Martinez's physical abuse of Becky escalated, with him using a belt, boot, and hammer to strike Becky. He told Becky he was hitting her so she could get stronger for the lifestyle they were going to be living. Approximately two weeks into their stay in Laredo, Martinez asked Becky if she wanted to have sex with someone else. Becky stated she was disgusted, but ultimately agreed because they had no money for food and she was hungry. When the time came, Becky told Martinez she had changed her mind, but he told her she had to go through with it because he had already been paid. Martinez escorted her to William Garcia's room where Becky engaged in sexual relations with him. Martinez returned and took Becky back to their room so she could shower while he went to buy food. A couple of days later, Martinez asked Becky if she would have sex with another man, Reynaldo Rodriguez Felix. She initially refused, but eventually agreed because she was afraid of Martinez. A few days later, Martinez told Becky she had to have sex with Felix again, indicating he (Martinez) would beat her if she refused.

The next day, Easter Sunday, Becky left the motel room while Martinez was asleep and called her mother to come pick her up. Her mother drove to Laredo and picked up Becky. On the drive back to San Antonio, Becky told her mother about the physical abuse and the sexual acts. The next morning, Becky's mother took her to the hospital for an examination; Becky was

interviewed by San Antonio police officers who advised her mother to contact the Laredo police since the incidents happened there. Detective David Buenrostro from the Laredo Police Department investigated the offenses, and determined the identities of the two men with whom Becky had sexual relations. Becky identified Garcia and Felix from a photo line-up.

Martinez was indicted for two counts of Aggravated Assault and three counts of Compelling Prostitution; one of the assault counts was later dropped. Garcia was indicted for one count of Sexual Assault of a Minor and one count of Prostitution, and Felix was indicted for six counts of Sexual Assault of a Minor and two counts of Prostitution. After a jury trial, during which Becky testified about the incidents and Garcia and Felix testified that Martinez offered her to them as a prostitute, Martinez was convicted on all counts. Martinez now appeals.

## ANALYSIS

### *Competency Hearing*

In his first issue, Martinez asserts the trial court abused its discretion in failing to conduct a hearing on his competency to stand trial. *See Moore v. State*, 999 S.W.2d 385, 393 (Tex. Crim. App. 1999) (abuse of discretion standard is applied to court's decision whether to empanel jury for competency hearing). A person is presumed competent to stand trial, and must be found competent unless he is proven incompetent by a preponderance of the evidence. TEX. CODE CRIM. PROC. ANN. art. 46B.003(b) (West 2006). A person is incompetent to stand trial if he lacks: (1) a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding; or (2) a rational as well as a factual understanding of the proceedings against him. *Id.* art. 46B.003(a) (West 2006). Either party may suggest by motion, or the court may suggest on its own motion, that the defendant may be incompetent to stand trial. *Id.* art. 46B.004(a) (West 2006). If evidence suggesting the defendant may be incompetent comes to the

trial court's attention, the court shall suggest the defendant may be incompetent and must conduct an informal inquiry to determine whether there is some evidence from any source to support a finding of incompetence. *Id.* art. 46B.004(b),(c) (West 2006); *Luna v. State*, 268 S.W.3d 594, 598-99 (Tex. Crim. App. 2008). An informal competency inquiry is required only if the evidence brought to the court's attention is sufficient to create a "bona fide doubt" in the judge's mind about the defendant's competency. *McDaniel v. State*, 98 S.W.3d 704, 710 (Tex. Crim. App. 2003) (noting that evidence of "recent severe mental illness, at least moderate retardation, or truly bizarre acts by the defendant" is usually sufficient to create a bona fide doubt about competence). The next step, a competency hearing before a jury under Subchapter C of Chapter 46B, is required only if the court finds during its informal inquiry that "some evidence" exists to support a finding of the defendant's incompetency. *Id.*; TEX. CODE CRIM. PROC. ANN. art. 46B.005(a), (b) (West 2006). Each step's requirements must be fulfilled before moving to the next step in the competency determination. *McDaniel*, 98 S.W.3d at 711.

Here, the record shows the trial court did conduct an informal inquiry into Martinez's competency, but did not find that "some evidence" existed to support a finding of incompetency; therefore, the court was not required to proceed to the next step, a formal competency hearing. Approximately one week before trial, defense counsel filed a motion requesting appointment of a psychiatrist to evaluate whether Martinez was competent to stand trial because counsel was having difficulty communicating with his client. The motion states that Martinez told counsel he "hears voices in his head which affect his ability to think, rationalize and recall events." The court granted the motion, and appointed Dr. Rolando Rodriguez to evaluate Martinez. Dr. Rodriguez examined Martinez and prepared a report in which he found Martinez competent to stand trial. Specifically, the report states that, although Martinez is "mentally ill," he is able to

consult with defense counsel with a reasonable degree of rational understanding, and is able to understand the proceedings against him and to understand right from wrong. The report concluded that Martinez would benefit from psychiatric treatment, but he does not represent a danger to himself or others and does not require treatment at a psychiatric facility. Thereafter, during pretrial proceedings, the court itself questioned Martinez about whether he understood the pending charges against him in this case and the need to consult with his attorney in preparing his defense; Martinez affirmatively acknowledged that he understood. The trial court ruled that, based on the psychiatrist's report, Martinez was legally competent to stand trial. The court was not required to go any further absent some evidence in the record to support a finding of incompetency. *McDaniel*, 98 S.W.3d at 710. Based on the record, we conclude the trial court did not abuse its discretion in failing to conduct a further inquiry into Martinez's competency. Accordingly, Martinez's first issue is overruled.

### *Denial of Continuance*

In his second issue, Martinez contends the trial court abused its discretion in denying defense counsel's motion for a continuance based on lack of preparation. The record shows the court granted a one-day continuance of jury selection, scheduled for Thursday, September 24, 2009, requested by defense counsel based on a conflicting federal court setting. The next day, Friday, September 25, 2009, counsel for Martinez filed another motion for continuance requesting a 45-day delay based on lack of preparation because he had been unable to sufficiently consult with Martinez on his defense. At a hearing on the motion, counsel stated Martinez had been incarcerated out of town on another case, and counsel had been unable to consult with Martinez on the identities of defense witnesses and the development of a defense strategy; counsel also stated that Martinez was mixing up the facts of the other case with the

instant case. The court confirmed that Martinez's counsel had made his first appearance on the case in July 2009, and that more than ten days had passed since counsel had reviewed the State's file. The trial court denied the motion for continuance and proceeded with jury selection because the jury panel was waiting for the second time that week; however, the court delayed the start of trial until Wednesday, September 30, 2009, to give defense counsel additional time to consult with Martinez about his defense. Martinez has not shown that denial of his request for a longer continuance resulted in any specific actual prejudice to his defense. Accordingly, we conclude the court did not abuse its discretion in denying Martinez's motion for a longer continuance. *See Janecka v. State*, 937 S.W.2d 456, 468 (Tex Crim. App. 1996).

### *Accomplice Witness Instruction*

Finally, Martinez argues the court committed reversible error by denying his request for an accomplice witness instruction because Garcia and Felix were accomplices as a matter of law. *See* TEX. CODE CRIM. PROC. ANN. art. 38.14 (West 2005) (providing a conviction cannot be based on accomplice witness testimony unless it is corroborated by other evidence tending to connect the defendant with the commission of the offense). Specifically, Martinez contends that Garcia and Felix were accomplices as a matter of law because the offense with which they were charged, engaging in prostitution, is a lesser-included offense of the greater offense with which Martinez was charged, compelling prostitution, and arose out of the same criminal transaction; therefore, Martinez asserts the court had a duty to give the accomplice witness instruction to the jury. *See Blake v. State*, 971 S.W.2d 451, 455 (Tex. Crim. App. 1998); *Ex parte Zepeda*, 819 S.W.2d 874, 876 (Tex. Crim. App. 1991); *see also Raven v. State*, 533 S.W.2d 773, 775 (Tex. Crim. App. 1976) (offense of engaging in prostitution can be a lesser-included offense of compelling prostitution).

As noted, both Garcia and Felix were indicted for engaging in prostitution arising out of the same factual incidents giving rise to Martinez's indictment for compelling prostitution. At trial, Garcia and Felix testified about Martinez's actions in selling Becky's "services" to them, and their participation in sexual relations with Becky after paying Martinez. At the conclusion of the evidence, Martinez made both an oral and written request for an accomplice witness instruction under article 38.14, which was denied. In denying the instruction, the court explained, "I think the accomplice witness instruction applies to the charges pending before the Court at the present time; in other words, the fact that your client could also be charged for what those defendants are charged with could make him an accomplice in their case, but it doesn't necessarily make them an accomplice to the charges pending against your client in this case."

An accomplice is a person who participates with the defendant before, during or after the commission of the offense, and acts with the requisite culpable mental state. *Paredes v. State*, 129 S.W.3d 530, 536 (Tex. Crim. App. 2004). "Participation requires an affirmative act that promotes the commission of the offense with which the defendant is charged." *Cocke v. State*, 201 S.W.3d 744, 748 (Tex. Crim. App. 2006). For purposes of an article 38.14 instruction, a prosecution witness may be an accomplice either as a matter of law or as a matter of fact. *Id*. at 747-48 (Tex. Crim. App. 2006) (if evidence clearly shows witness has been, or could have been, indicted for same offense as defendant, then witness is an accomplice as a matter of law; if evidence is conflicting or unclear as to whether witness is an accomplice, then the question is submitted to the jury with an instruction defining the term "accomplice"). A prosecution witness who is charged with a lesser-included offense based on his alleged participation in commission of the greater offense with which the defendant is charged is considered an accomplice as a matter of law. *Herron v. State*, 86 S.W.3d 621, 631 (Tex. Crim. App. 2002) (citing *Zepeda*, 819

S.W.2d at 876). The trial court must submit an accomplice witness instruction under article 38.14 to the jury if a witness is an accomplice as a matter of law, and failure to do so is error. *Herron*, 86 S.W.3d at 631; *Blake*, 971 S.W.2d at 455. The trial court is not required to submit an accomplice witness instruction when the evidence is clear that the particular witness is not an accomplice either as a matter of law or fact. *Cocke*, 201 S.W.3d at 748.

The State argues on appeal that Garcia and Felix were not accomplices as a matter of law[1] in Martinez's case because they could not have been charged with the same offense as Martinez, *i.e.*, compelling prostitution. We agree. The relevant inquiry is whether the purported accomplice, even though charged with a lesser offense, participated with the defendant in committing the greater offense for which the defendant is on trial, and thus could have been charged with the greater offense. *Herron*, 86 S.W.3d at 631; *Cocke*, 201 S.W.3d at 748 (to be an accomplice, witness must have committed an affirmative act promoting commission of the offense with which defendant is charged). A person commits the second degree felony offense of compelling prostitution if he "knowingly: (2) causes by any means a child younger than 18 years to commit prostitution . . . ." TEX. PENAL CODE ANN. § 43.05(a)(2) (West Supp. 2010).[2] Here, the facts of the case do not support a charge of compelling prostitution against Garcia or Felix, either as principle actors or under the law of parties. *See* TEX. PENAL CODE ANN. §§ 7.01(a), 7.02(a) (West 2003) (defining a "party" as a person criminally responsible for an offense committed by another). Both Garcia and Felix engaged in sexual conduct with Becky for a fee, but neither man "caused" Becky to commit prostitution as Martinez did, and neither is

---

[1] In his appellant's brief, Martinez restricts his argument to Garcia and Felix being accomplices as a matter of law, and does not contend they were accomplices as a matter of fact.

[2] Because Martinez's offense was committed before September 1, 2009, the 2009 amendment to section 43.05(a)(2) changing the age of the child from 17 to 18 does not apply in this case. There is no dispute, however, that Becky was younger than 17 at the time of the offenses.

criminally responsible for Martinez's conduct. *See* TEX. PENAL CODE ANN. § 43.02(a)(1) (West Supp. 2010) (offense of engaging in prostitution).

Moreover, the effect of the accomplice witness instruction to which Martinez claims he was entitled is simply to instruct the jury that it may not convict the defendant on the accomplices' testimony *unless* it is corroborated by other evidence tending to connect the defendant to commission of the offense. *Herron*, 86 S.W.3d at 631-32. Here, Becky's testimony provided independent corroboration of all the elements of the offense of compelling prostitution; therefore, even if error, omission of the accomplice witness instruction was harmless. *See id.* at 632-33. Accordingly, we overrule Martinez's third issue.

*Conclusion*

Based on the foregoing reasons, we overrule Martinez's issues on appeal and affirm the trial court's judgment.

Phylis J. Speedlin, Justice

DO NOT PUBLISH