NO. 07-06-0223-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 31, 2008
_____

EDWARD L. MARTINEZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-405,843; HON. CECIL G. PURYEAR, PRESIDING
_____

*Opinion*
_____

Before QUINN, C.J. and HANCOCK and PIRTLE, JJ.

Edward L. Martinez was convicted of burglary of a habitation with intent to commit theft. He challenges that conviction in one issue, through which he contends that the evidence was insufficient to support his conviction because the accomplice testimony was not sufficiently corroborated. We affirm the judgment of the trial court.

*Background*

During the night of April 25, 2003, the home insurance office of A. L. Hawkins, an eighty-one-year-old man, was broken into in an attempt to steal money. Hawkins was

stabbed multiple times and nearly died. Appellant had worked as a roofer on the house several months earlier and had the opportunity to observe cash being kept in the office.[1] He and his friends James Fox, Kenneth Pace, and Seth Stone were accused of having committed the burglary. They had allegedly obtained a bolt cutter from Fox's girlfriend, Margaret Estrada, and then obtained a ride from Michael Johnson and Kelly McGaha to the location. The latter was across the street from Monterey High School. Fox, Pace, and Stone all pled guilty to the offense. Based upon their testimony and the testimony of Johnson and Estrada, appellant was convicted of the offense.

On the first appeal, we reversed the conviction finding that the trial court erred in omitting an accomplice witness instruction with respect to Estrada and Johnson because a rational person could have inferred that they were both accomplices. *See Martinez v. State,* 163 S.W.3d 92 (Tex. App.–Amarillo 2005, no pet.). The current appeal results from the re-trial during which the trial court charged the jury that Fox, Pace, Johnson, Estrada, and McGaha were accomplices as a matter of law and that it could not convict appellant on their testimony unless there was other evidence tending to connect him with the offense.[2] The jury found appellant guilty as charged and sentenced him to 99 years imprisonment.

*Sufficiency of the Evidence*

As previously mentioned, appellant attacks the legal sufficiency of the evidence underlying his conviction because he believes no evidence other than that of accomplices

---

[1]At the time of the burglary, Hawkins and his office staff had ceased to accept cash or keep cash on hand in the office.

[2]Stone did not testify at the second trial.

tied him to the crime.  *See* TEX. CODE CRIM. PROC. ANN. art. 38.14 (Vernon 2005) (stating that a conviction may not rest upon the testimony of an accomplice unless that testimony is corroborated by other evidence tending to connect the defendant to the offense).  We overrule the issue.

We initially note that the trial court charged the jury that witness Fox, Pace, Johnson, Estrada, and McGaha were accomplices as a matter of law.  The State deemed that instruction erroneous.  That is, while Fox and Pace may have been accomplices as a matter of law, the question remained whether the other three were accomplices at all, according to the prosecution.  Thus, the trial court purportedly was obligated to inform the jury that if it found Estrada, McGaha, and Johnson to be accomplices,  it could not convict appellant based upon their uncorroborated testimony.  That, in effect, would have left the jury free to determine whether or not the three were in fact accomplices, and if it determined that they were not, then it could consider their testimony.

Next, we note that one is an accomplice to a crime when he participates before, during, or after its commission with the appropriate mental state.  *Paredes v. State,* 129 S.W.3d 530, 536 (Tex. Crim. App. 2004).   Additionally, one may be an accomplice either as a matter of law or fact.  *Cocke v. State,* 201 S.W.3d 744, 747 (Tex. Crim. App. 2006). However, he does not fall within either category  merely because of his presence at a crime scene or because he has knowledge of a crime and fails to disclose it.  *Blake v. State,* 971 S.W.2d 451, 454 (Tex. Crim. App. 1998).  Instead, he must engage in an affirmative act or omission to promote the commission of the offense.  *Id.*  Moreover, unless the evidence clearly showed that the witness was an accomplice as a matter of law, whether he was an accomplice at all is left to the jury.  *Cocke v. State,* 201 S.W.3d at 747-48.  In other words,

3

if the evidence is conflicting as to a person's status, the jury must decide the issue. *Id.* at 748.

Now, who was to decide whether Estrada, McGaha, and Johnson were accomplices is of import here. This is so because if one was not an accomplice as a matter of law, then the trial court should not have instructed the jury that all were. And, if the trial court erred in charging the jury as it did, then we must assess the sufficiency of the evidence to warrant conviction against a hypothetically correct charge. *See Gollihar v. State,* 46 S.W.3d 243, 253 (Tex. Crim. App. 2001) (stating that the sufficiency of evidence is measured against a hypothetically correct jury charge). With this said, we next address whether the trial court was correct in charging the jury that each witness mentioned was an accomplice as a matter of law, and in doing so, we need only focus on the testimony of Johnson.

Johnson admitted to giving appellant and his compatriots a ride to the neighborhood in which the burglary and assault occurred in exchange for gas money. So too did he concede that he knew appellant possessed bolt cutters. Yet, he denied knowing that appellant and the others intended to commit any crime. He also testified that he did not start talking with McGaha about the chance that the group was going to commit burglary until after appellant and the others exited the car and began walking away. At that point, Johnson said he drove from the area, and did not wait for the others to return. These circumstances could be reasonably interpreted as indicating that Johnson unwittingly helped Martinez commit the crime, that is, that his actions were lacking the applicable *mens rea* to make him an accomplice. *See Powell v. State,* 194 S.W.3d 503, 506 (Tex. Crim. App. 2006) (discussing the applicable *mens rea*). So, a fact question existed on the

4

matter, and the trial court should not have concluded that he was an accomplice as a matter of law. At most, it should have instructed the jury to first determine Johnson's status as an accomplice and consider his testimony only if it concluded that he was not. Under that hypothetically correct charge, the factfinder could well have found him not to be an accomplice. If the jury so concluded then it was free to also consider his testimony in assessing whether the evidence warranted his conviction, which in turn frees us to consider it as well in assessing the legal sufficiency of the evidence supporting the verdict. More importantly, Johnson's testimony about appellant carrying the bolt cutters and being left in the vicinity of the crime would corroborate the accomplice testimony that appellant used the bolt cutters as means to force entry into the house eventually burglarized. In other words, Johnson's testimony would tend to connect appellant to the crime which, in turn, would free all to consider the accomplice testimony.

In sum and when weighed against a hypothetically correct charge, the evidence was sufficient to allow jurors to conclude beyond reasonable doubt that appellant committed burglary with intent to commit theft. Accordingly, we affirm the judgment.


Brian Quinn
Chief Justice


Publish.