NO. 07-10-0175-CR

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



APRIL
7, 2011

 



 

MICHAEL G. GONZALES,  

 

                                                                                         Appellant

v.

 

THE STATE OF TEXAS,  

 

                                                                                         Appellee

_____________________________

 

FROM THE 364TH DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 2007-417,076; HONORABLE BRADLEY
S. UNDERWOOD, PRESIDING

 



 

Memorandum
Opinion

 



 

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

            Michael G. Gonzales
was convicted of aggravated assault on a public servant.  In seeking a reversal of that conviction, he
contends 1) the jury charge should have contained an instruction that Adrianna
Carrasco and Juan Aguilar were accomplices as a matter of law, and 2) there is legally
insufficient evidence to corroborate the testimony of those two persons.  We affirm the judgment. 

            

 

Background

            On September 15, 2006, appellant,
Juan Zuniga, his girlfriend Carrasco, and Aguilar met at a house, obtained a
white F-150 truck, traveled to the area around Memphis and 65th
Street in Lubbock and parked at an apartment complex.  Appellant and Zuniga were planning to break
into a nearby house inhabited by Toni Mari Luna, a drug dealer, and take a big
screen television.  While walking into
the area, appellant and Zuniga were observed by Officer Mark Wall, who became
suspicious of their actions and stopped his vehicle, activated his spotlight,
and prepared to get out of his car.  He then
saw one of the men reach into his waistband and begin firing a gun at the
vehicle.  The police car was struck
multiple times before the two men ran away. 


            When
Carrasco and Aguilar heard gunshots, they initially drove the truck away.  After circling the block, they returned to
the apartment complex in case appellant and Zuniga came back.  Appellant soon returned to the truck, got in
the driver’s seat, and drove off.  Zuniga
called appellant on his phone in a few minutes and later met the others back at
the house where they had obtained the truck. 

            Issue 1 – Accomplices as a Matter of Law

             The trial court left it to the jury to decide
whether Carrasco and Aguilar were accomplices, but appellant argues the court
should have instructed the jury that they were accomplices as a matter of law and
that it could not convict him based on their uncorroborated testimony.  See Tex. Code Crim. Proc. Ann. art. 38.14
(Vernon 2005) (stating that a conviction may not rest upon the testimony of an
accomplice unless that testimony is corroborated by other evidence tending to
connect the defendant to the offense).  A
person is an accomplice to a crime when he participates before, during, or
after its commission with the appropriate mental state.  Paredes
v. State, 129 S.W.3d 530, 536 (Tex. Crim. App. 2004).  He does not become an accomplice merely
because he is present at the scene of a crime or because he has knowledge of a
crime but fails to disclose it or conceals it. 
Blake v. State, 971 S.W.2d
451, 454 (Tex. Crim. App. 1998).  He must
engage in an affirmative act or omission to promote the commission of the
offense.  Id.  Furthermore, unless the
evidence clearly shows that the witness was an accomplice as a matter of law,
the decision must be left to the jury.  Cocke v. State, 201 S.W.3d 744, 747-48
(Tex. Crim. App. 2006).  

            Appellant
assumes that because Carrasco and Aguilar knew that appellant and Zuniga
intended to steal an item from Luna, they were parties to the offense of
aggravated assault on a police officer.  Yet,
nothing in the record shows that either knew that appellant and Zuniga were
armed with weapons that night or that they intended to use them against a
police officer.  Aguilar testified that
he did not know that there would be any shooting.  Further, Carrasco stated she “panicked” when she
heard gunshots, and Aguilar testified that he was “scared.”  Complicity in the commission of another offense
apart from the charged offense does not make the testimony that of an
accomplice.  Druery v. State, 225 S.W.3d 491, 498 (Tex. Crim. App. 2007); see also Carraway v. State, 550 S.W.2d
699, 702 (Tex. Crim. App. 1977) (stating that the mere fact a witness had
complicity in the commission of other offenses does not make his testimony that
of an accomplice for the offense for which the accused is on trial if there is
no showing of his complicity in that offense). 


            However, appellant
argues that a co-conspirator is an accomplice and liable under §7.02 of the
Penal Code.  That section provides:  “If, in the attempt to carry out a conspiracy
to commit one felony, another felony is committed by one of the conspirators,
all conspirators are guilty of the felony actually committed, though having no
intent to commit it, if the offense was committed in furtherance of the
unlawful purpose and was one that should have been anticipated as a result of
the carrying out of the conspiracy.”  Tex. Penal Code Ann. §7.02(b) (Vernon 2003).  Assuming that these four persons were
co-conspirators, there is still no evidence that they ever discussed the use of
guns or any other kind of force or that Carrasco and Aguilar knew that the
other two men were carrying guns.  See Davis v. State, 276 S.W.3d 491, 495
(Tex. App.–Waco 2008, pet. ref’d) (evidence that the defendant knew his
co-conspirators might use guns in the course of a robbery can be sufficient to
demonstrate that the defendant should have anticipated the possibility of murder
occurring).  Aguilar testified that
appellant and Zuniga left the pickup to see if anyone was at home at the residence
from which they intended to steal.  Thus,
there is some question as to whether the burglary would have even taken place
unless that house was unoccupied.  At
most, there is a fact question as to what Carrasco and Aguilar knew and their
intent.  Therefore, the court acted
appropriately in submitting the issue to the jury.  See
Martinez v. State, 252 S.W.3d 649, 652 (Tex. App.–Amarillo 2008, pet. ref’d)
(stating that when the circumstances could be reasonably interpreted as
indicating that the witness unwittingly helped the defendant to commit the
crime, a fact question existed as to whether he was an accomplice).  

            Sufficiency of the Evidence

            Because the jury could have concluded
that Carrasco and Aguilar were not accomplices, their testimony tended to
connect appellant to the crime by his presence in the area in dark clothing as
described by Officer Wall, the gunshots occurring shortly after appellant left
the truck where Carrasco and Aguilar remained, and the return of appellant to
the vehicle shortly after the gunshots.  Nevertheless,
there was additional evidence, apart from that of Carrasco, Aguilar, and Zuniga
that tended to connect appellant to the offense including evidence that 1) Wall
picked appellant’s picture out of a photo line-up and stated he was 80% sure
that he was one of the persons who fired at him, 2) a trustee at the jail
testified that when he asked appellant if he was in jail for shooting at
police, appellant responded, “well, I wasn’t trying to kill anybody; I was just
trying to get him to stop following us,”[1]
3) Eric Martinez stated that appellant sold a .40 caliber gun to someone
Martinez knew and that was the make of one set of shell casings found at the
scene, 4) appellant told Martinez that he had been going to rob Luna and “that
a cop had pulled up and they fired,” and 5) appellant told Martinez he tripped
over a hill when running away from the officer and such a hill was located in
that area.  Evidence tending to connect
one to the charged offense need not be sufficient itself to establish guilt nor
directly link the accused to the commission of the offense.  Castillo
v. State, 221 S.W.3d 689, 691 (Tex. Crim. App. 2007).  The evidence we have described here satisfies
the requirement that it tend to connect appellant to the charged offense and,
because it does so, that evidence, as well as the testimony of the accomplices,
is legally sufficient to sustain the conviction. 

            

Accordingly, we overrule appellant’s issues
and affirm the judgment. 

 

                                                                                    Brian
Quinn 

                                                                                    Chief
Justice   

 

Do
not publish.     

            








 











[1]Although
not raised as an issue on appeal, a defendant may not be convicted of an
offense on the testimony of a person to whom the defendant made a statement
against the defendant’s interest during a time when the person was imprisoned
in the same correctional facility as the defendant unless corroborated by other
evidence tending to connect the defendant with the offense.  Tex. Code Crim. Proc. Ann. art.
38.075(a) (Vernon Supp. 2010).