NO. 07-10-0175-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 7, 2011

_____

MICHAEL G. GONZALES,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-417,076; HONORABLE BRADLEY S. UNDERWOOD, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Michael G. Gonzales was convicted of aggravated assault on a public servant. In seeking a reversal of that conviction, he contends 1) the jury charge should have contained an instruction that Adrianna Carrasco and Juan Aguilar were accomplices as a matter of law, and 2) there is legally insufficient evidence to corroborate the testimony of those two persons. We affirm the judgment.

*Background*

On September 15, 2006, appellant, Juan Zuniga, his girlfriend Carrasco, and Aguilar met at a house, obtained a white F-150 truck, traveled to the area around Memphis and 65th Street in Lubbock and parked at an apartment complex. Appellant and Zuniga were planning to break into a nearby house inhabited by Toni Mari Luna, a drug dealer, and take a big screen television. While walking into the area, appellant and Zuniga were observed by Officer Mark Wall, who became suspicious of their actions and stopped his vehicle, activated his spotlight, and prepared to get out of his car. He then saw one of the men reach into his waistband and begin firing a gun at the vehicle. The police car was struck multiple times before the two men ran away.

When Carrasco and Aguilar heard gunshots, they initially drove the truck away. After circling the block, they returned to the apartment complex in case appellant and Zuniga came back. Appellant soon returned to the truck, got in the driver's seat, and drove off. Zuniga called appellant on his phone in a few minutes and later met the others back at the house where they had obtained the truck.

*Issue 1 – Accomplices as a Matter of Law*

The trial court left it to the jury to decide whether Carrasco and Aguilar were accomplices, but appellant argues the court should have instructed the jury that they were accomplices as a matter of law and that it could not convict him based on their uncorroborated testimony. *See* TEX. CODE CRIM. PROC. ANN. art. 38.14 (Vernon 2005) (stating that a conviction may not rest upon the testimony of an accomplice unless that testimony is corroborated by other evidence tending to connect the defendant to the offense). A person is an accomplice to a crime when he participates before, during, or

2

after its commission with the appropriate mental state. *Paredes v. State,* 129 S.W.3d 530, 536 (Tex. Crim. App. 2004). He does not become an accomplice merely because he is present at the scene of a crime or because he has knowledge of a crime but fails to disclose it or conceals it. *Blake v. State,* 971 S.W.2d 451, 454 (Tex. Crim. App. 1998). He must engage in an affirmative act or omission to promote the commission of the offense. *Id.* Furthermore, unless the evidence clearly shows that the witness was an accomplice as a matter of law, the decision must be left to the jury. *Cocke v. State,* 201 S.W.3d 744, 747-48 (Tex. Crim. App. 2006).

Appellant assumes that because Carrasco and Aguilar knew that appellant and Zuniga intended to steal an item from Luna, they were parties to the offense of aggravated assault on a police officer. Yet, nothing in the record shows that either knew that appellant and Zuniga were armed with weapons that night or that they intended to use them against a police officer. Aguilar testified that he did not know that there would be any shooting. Further, Carrasco stated she "panicked" when she heard gunshots, and Aguilar testified that he was "scared." Complicity in the commission of another offense apart from the charged offense does not make the testimony that of an accomplice. *Druery v. State,* 225 S.W.3d 491, 498 (Tex. Crim. App. 2007); *see also Carraway v. State,* 550 S.W.2d 699, 702 (Tex. Crim. App. 1977) (stating that the mere fact a witness had complicity in the commission of other offenses does not make his testimony that of an accomplice for the offense for which the accused is on trial if there is no showing of his complicity in that offense).

However, appellant argues that a co-conspirator is an accomplice and liable under §7.02 of the Penal Code. That section provides: "If, in the attempt to carry out a

3

conspiracy to commit one felony, another felony is committed by one of the conspirators, all conspirators are guilty of the felony actually committed, though having no intent to commit it, if the offense was committed in furtherance of the unlawful purpose and was one that should have been anticipated as a result of the carrying out of the conspiracy." TEX. PENAL CODE ANN. §7.02(b) (Vernon 2003). Assuming that these four persons were co-conspirators, there is still no evidence that they ever discussed the use of guns or any other kind of force or that Carrasco and Aguilar knew that the other two men were carrying guns. *See Davis v. State,* 276 S.W.3d 491, 495 (Tex. App.–Waco 2008, pet. ref'd) (evidence that the defendant knew his co-conspirators might use guns in the course of a robbery can be sufficient to demonstrate that the defendant should have anticipated the possibility of murder occurring). Aguilar testified that appellant and Zuniga left the pickup to see if anyone was at home at the residence from which they intended to steal. Thus, there is some question as to whether the burglary would have even taken place unless that house was unoccupied. At most, there is a fact question as to what Carrasco and Aguilar knew and their intent. Therefore, the court acted appropriately in submitting the issue to the jury. *See Martinez v. State,* 252 S.W.3d 649, 652 (Tex. App.–Amarillo 2008, pet. ref'd) (stating that when the circumstances could be reasonably interpreted as indicating that the witness unwittingly helped the defendant to commit the crime, a fact question existed as to whether he was an accomplice).

*Sufficiency of the Evidence*

Because the jury could have concluded that Carrasco and Aguilar were not accomplices, their testimony tended to connect appellant to the crime by his presence in

4

the area in dark clothing as described by Officer Wall, the gunshots occurring shortly after appellant left the truck where Carrasco and Aguilar remained, and the return of appellant to the vehicle shortly after the gunshots. Nevertheless, there was additional evidence, apart from that of Carrasco, Aguilar, and Zuniga that tended to connect appellant to the offense including evidence that 1) Wall picked appellant's picture out of a photo line-up and stated he was 80% sure that he was one of the persons who fired at him, 2) a trustee at the jail testified that when he asked appellant if he was in jail for shooting at police, appellant responded, "well, I wasn't trying to kill anybody; I was just trying to get him to stop following us,"[1] 3) Eric Martinez stated that appellant sold a .40 caliber gun to someone Martinez knew and that was the make of one set of shell casings found at the scene, 4) appellant told Martinez that he had been going to rob Luna and "that a cop had pulled up and they fired," and 5) appellant told Martinez he tripped over a hill when running away from the officer and such a hill was located in that area. Evidence tending to connect one to the charged offense need not be sufficient itself to establish guilt nor directly link the accused to the commission of the offense. *Castillo v. State,* 221 S.W.3d 689, 691 (Tex. Crim. App. 2007). The evidence we have described here satisfies the requirement that it tend to connect appellant to the charged offense and, because it does so, that evidence, as well as the testimony of the accomplices, is legally sufficient to sustain the conviction.

---

[1]Although not raised as an issue on appeal, a defendant may not be convicted of an offense on the testimony of a person to whom the defendant made a statement against the defendant's interest during a time when the person was imprisoned in the same correctional facility as the defendant unless corroborated by other evidence tending to connect the defendant with the offense. TEX. CODE CRIM. PROC. ANN. art. 38.075(a) (Vernon Supp. 2010).

Accordingly, we overrule appellant's issues and affirm the judgment.


Brian Quinn
Chief Justice

Do not publish.