YVONNE T. RODRIGUEZ, Justice
M.H., a juvenile, appeals his adjudication of delinquent conduct for attempted burglary of a habitation. In his sole issue on review, Appellant contends the trial court erred in admitting the testimony of an accomplice witness because that testimony was not sufficiently corroborated as required by Section 54.03(e) of the Texas Family Code. Specifically, he contends the only corroborating evidence was (1) a non-specific description given by an eye-witness, and (2) Appellant's having been found in the presence of the accomplice witness. We affirm.
BACKGROUND
Jose Minjares, a retiree, was at home on a Friday morning around 11:00 when his pit bull started barking incessantly from the backyard. He peered through his bedroom window and across the alley, he saw a young man pacing back and forth in his neighbor's backyard across the alley. The *117 young man appeared to be peering into Minjares's neighbor's glass door and windows. The house had been empty for several months and Minjares suspected the young man might be the new tenant, whom he had not yet met. Minjares continued to observe the young man and noticed that he was wearing a grey hoodie. Then, Minjares saw the young man pull the hoodie up over his head and begin attempting to pry open a window with an object. Realizing the young man may be burglarizing the home, Minjares stepped out into his backyard to get a better look. He noticed whenever a car would pass through the alley, the young man would get down and attempt to hide and then resume his efforts to pry open the window once the car had passed. Minjares moved closer to the alley to get a better look and then noticed a second young man standing in the alley. The second young man was wearing a black jacket with white lettering on the back. Minjares observed the second young man communicating with the first and seemed to be looking around to see if anyone was coming.
Convinced now a burglary was in progress, Minjares went back into his house and called 911. While still on the phone with the dispatcher, a police vehicle pulled into the back alley behind Minjares's house and he went out to speak with the officer. He noticed both young men were now gone.
About half an hour later another police officer arrived at Minjares's home and told him police had apprehended two boys nearby matching the descriptions he had given. The officer asked if he would be willing to accompany him in order to identify them, and Minjares agreed to do so. The officer drove him to an address on Copper Street, about three blocks away, where the police had detained the two boys. There, Minjares saw two young men, one wearing a grey hoodie and the other wearing a black jacket with white lettering on the back. Minjares identified the young men as the same individuals he saw attempting to burglarize his neighbor's house.
The young men were charged with attempted burglary of a habitation. The individual wearing the grey hoodie was identified as Carlos Reyes-Jasso, an eighteen-year-old high-school student. The young man wearing the black jacket with white lettering was identified as M.H., a juvenile, who attended high school with Reyes-Jasso. Reyes-Jasso pleaded guilty to the charge of attempted burglary, but M.H. elected to go to trial.
At trial, Minjares testified to the above facts and also made an in-court identification of M.H. as the young man he had seen in the alley acting as lookout. Minjares further testified he had gotten a good look at both young men as they were attempting to burglarize the home. The State also called Officer Jerry Perez to testify. Officer Perez testified he had responded to the 911 call, but was informed en route another officer had arrived at Minjares's residence first, so he drove around the neighborhood to see if he could locate anyone matching the description of the suspects. While driving down Copper Street, within about ten to twelve minutes of receiving the call, Officer Perez noticed two young men sitting in front of a residence who matched the description of the suspects. He spoke to the two boys and decided to detain them while the other officer spoke with Minjares. Officer Perez testified that once Minjares was driven to the location and identified the two young men, they were placed under arrest.
Finally, the State called Reyes-Jasso to testify. He testified he and M.H. were friends and attended high school together. The two had discussed burglarizing Minjares's *118 neighbor's home earlier that day and went there with the intent of doing so. Reyes-Jasso testified he and M.H. were attempting to break in to the home to find something valuable to sell, and that M.H. was serving as the lookout while he attempted to break in through the window. Reyes-Jasso became worried when he heard a door slam and he and M.H. decided to flee. The two made it to Cooper Street and, at random, went up to the porch of a house and sat down. It was there they later encountered Officer Perez. Reyes-Jasso testified the State had not provided him with any incentives or promises of leniency in exchange for his testimony.
Both sides rested following Reyes-Jasso's testimony. The trial court instructed the jury on the law of accomplice witness testimony and the requirements of corroboration in its charge. The jury returned a verdict finding M.H. had engaged in delinquent conduct. This appeal followed.
DISCUSSION
In his sole issue on appeal, Appellant contends there was insufficient corroborating evidence to support the admissibility of Reyes-Jasso's accomplice-witness testimony.
Standard of Review
The sufficiency of corroborating evidence is not a traditional legal sufficiency review. A review of the sufficiency of the corroborating evidence for accomplice-witness testimony is not based in the federal constitution or the common law-it is a statutorily imposed review of the tendency of the evidence to connect the defendant to the offense. Druery v. State , 225 S.W.3d 491, 498 (Tex. Crim. App. 2007) ; Blake v. State , 971 S.W.2d 451, 455 (Tex. Crim. App. 1998). In reviewing the sufficiency of the corroborating evidence, we consider only the non-accomplice evidence to determine whether any of that evidence tends to connect the defendant with the commission of the crime. Solomon v. State , 49 S.W.3d 356, 361 (Tex. Crim. App. 2001). "If the combined weight of the non-accomplice evidence tends to connect the defendant to the offense, the requirement of Article 38.14 has been fulfilled." Cathey v. State , 992 S.W.2d 460, 462 (Tex. Crim. App. 1999). We review the non-accomplice evidence in the light most favorable to the verdict. Ibarra v. State , 479 S.W.3d 481, 487 (Tex.App.-Eastland 2015, pet. ref'd).
Analysis
In Texas, "[a] conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense." TEX.CODE CRIM.PROC.ANN. art. 38.14 (West 2005). Substantively identical language is found in the Texas Family Code regarding accomplice-witness testimony used to support an adjudication of delinquent conduct for a juvenile. TEX.FAM.CODE ANN. § 54.03(e) (West 2014). These rules reflect a legislative determination that accomplice testimony, when used to implicate another person in the same offense, should be viewed with caution because accomplices often have incentives to lie in order to avoid punishment or to shift blame. Blake v. State , 971 S.W.2d 451, 454 (Tex. Crim. App. 1998). Corroborating evidence may be direct or circumstantial, and does not need to directly connect the defendant to the crime or establish guilt by itself; it only needs to tend to connect the defendant to the offense. State v. Ambrose , 487 S.W.3d 587, 593-94 (Tex. Crim. App. 2016). "The accomplice witness rule is satisfied if there is some non-accomplice evidence *119 which tends to connect the accused to the commission of the offense alleged in the indictment." [Emphasis in original]. Hernandez v. State , 939 S.W.2d 173, 176 (Tex. Crim. App. 1997).
Here, Appellant and Reyes-Jasso were charged with the same offense and Reyes-Jasso was therefore an accomplice as a matter of law. Zamora v. State , 411 S.W.3d 504, 510 (Tex. Crim. App. 2013) (witness is an accomplice as a matter of law when the witness has been charged with the same offense as the defendant). Reyes-Jasso testified he and Appellant acted in concert in their attempt to burglarize the home and provided details of their plan and their actions in furtherance of that plan. His testimony was corroborated by Minjares's in-court identification of Appellant as the one he witnessed standing in the alley and acting as lookout while Reyes-Jasso attempted to break in. Solomon , 49 S.W.3d at 362 (non-accomplice witness testimony is corroborative). His accomplice-witness testimony was further corroborated when Officer Perez testified he found Appellant and Reyes-Jasso together less than four blocks from the scene of the attempted burglary within ten to twelve minutes of receiving the call from dispatch. McDuff v. State , 939 S.W.2d 607, 613 (Tex. Crim. App. 1997) (evidence the defendant was "in the company of the accomplice at or near the time or place of the offense is proper corroborating evidence."); Rhymes v. State , 536 S.W.3d 85, 93 (Tex.App.-Texarkana 2017, pet. ref'd).
Viewed in the light most favorable to the verdict, the combined weight of the non-accomplice evidence tended to connect the Appellant to the attempted burglary, thus fulfilling the requirements of Section 54.03(e) of the Texas Family Code that accomplice-witness testimony be corroborated. Cathey , 992 S.W.2d at 462. Accordingly, Appellant's sole issue on appeal is overruled.
CONCLUSION
Having overruled Appellant's sole issue, the judgment of the trial court is affirmed.